**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KARL KNAPP,

        Petitioner-Appellant,

v.

JAMES JANECKA and the
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

        Respondents-Appellees.

No. 09-2001

District of New Mexico

(D.C. No. 1:07-CV-00834-MCA-RHS)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

---

       Karl Knapp, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) that would allow him to appeal from the district court's order

denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. §

2253(c)(1)(A). Because we conclude that Mr. Knapp has failed to make "a

substantial showing of the denial of a constitutional right," we deny his request for

a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

     [*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

## BACKGROUND

In August 2004, a jury convicted Mr. Knapp of two counts of first-degree murder, one count of second-degree murder, and various other serious felony charges, culminating in a seventy-six year sentence. On appeal, the New Mexico Supreme Court affirmed the trial court's conviction and sentence.

Mr. Knapp filed a petition for collateral review with the Bernalillo County District Court, which was denied the same day it was filed. The New Mexico Supreme Court summarily dismissed Mr. Knapp's appeal.

Mr Knapp then filed a habeas petition in the United States District Court for the District of New Mexico, pursuant to 28 U.S.C. § 2254. He asserted four grounds for relief: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) incorrect jury instruction; and (4) judicial bias. After a magistrate judge found Mr. Knapp's claims without merit, the district court dismissed his petition. Mr. Knapp now requests a COA to permit him to appeal the district court's order.

## DISCUSSION

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means a petitioner must demonstrate that "reasonable jurists could debate whether .

-2-

. . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

The New Mexico state district court denied Mr. Knapp's state habeas petition in a summary order of dismissal. The Supreme Court of New Mexico subsequently issued an order denying his certiorari petition without analysis. Nevertheless, under the deferential standard of review established for federal habeas claims by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), this Court must uphold a state court's summary decision unless the state court's result "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1); *see Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999) (concluding that, in collateral proceedings, we defer to the state court's decision, even if its reasoning is not expressly stated). Mr. Knapp has the burden of showing that the state court applied Supreme Court precedent to the facts in an "objectively unreasonable manner." *See Brown v. Payton*, 544 U.S. 133, 141 (2005); *see also Woodford v. Visciotti*, 537 U.S. 19, 24–25, (2002) (per curiam).

## A. Ineffective Assistance of Counsel

To prove ineffective assistance of counsel, "a defendant must show, by a preponderance of the evidence, that (1) counsel's performance fell below an objective standard of reasonableness, and (2) prejudice, such that there is a reasonable probability that but for counsel's errors, the outcome of the trial would have been different." *Young v. Sirmons*, 486 F.3d 655, 674–75 (10th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 692–93,(1984)). There is a strong presumption that trial counsel acted within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Mr. Knapp argues that his counsel failed to present any sort of exculpatory defense on his behalf; he contends that his counsel relied on the prosecution's theory and presentation of the case to his detriment. We disagree. In light of the overwhelming evidence of guilt presented at trial (numerous witnesses, ballistics evidence, etc.), it is highly unlikely that the outcome of the trial would have been different had Mr. Knapp's counsel pursued the notion that Mr. Knapp had not shot the three victims, as Mr. Knapp now appears to contend. Pursuing such a defense would have diminished the credibility of the defense, decreasing the likelihood of a favorable sentence. Considering the circumstances, it was reasonable for Mr. Knapp's counsel not to pursue an exculpatory defense.

Mr. Knapp next argues that counsel failed to conduct adequate pre-trial investigation—in particular, that trial counsel did not investigate any witnesses,

documents, or evidence that would have vindicated Mr. Knapp. Mr. Knapp fails to show, however, that any further investigation would have altered the outcome of the trial. He points to no specific witness or document that should have been investigated, and makes no showing that the failure to investigate was prejudicial. *See Gardner v. Galetka*, 568 F.3d 862, 871 (10 Cir. 2009) (no ineffective assistance when counsel had no reason to conduct further investigation and there was no showing of prejudice).

Mr. Knapp also argues that his trial counsel was ineffective in failing to present evidence that he suffers from a low IQ. He alleges, "Borderline IQ is pro forma [sic] consistent with mental retardation." R. at 16. Mr. Knapp seems to contend that his low IQ, coupled with his substance abuse, prevented him from forming the requisite intent for first degree murder. This Court's review of the omitted evidence, however, leads us to conclude that the evidence is far less beneficial than asserted by Mr. Knapp.

Mr. Knapp fails to explain how his borderline IQ would have changed the jury's determination that he intended to kill his estranged girlfriend, especially when he literally hunted her, following her from business to business before killing her at extremely close range. *See Strickland*, 466 U.S. at 695; *Nguyen v. Reynolds,* 131 F.3d 1340, 1349 (10th Cir.1997). "Borderline" mental retardation constitutes a higher level of intellectual function than mildly mentally retarded, *see Snow v. Sirmons*, 474 F.3d 693, 732 (10th Cir. 2007), and does not in itself negate intent.

In addition, Mr. Knapp fails to establish that evidence of his low IQ would have reduced his sentence. Under New Mexico criminal law the punishment for first degree murder is either life in prison or death. N.M. Stat. § 31-20 (2008). Since Mr. Knapp was not sentenced to death, Mr. Knapp has not established that he was prejudiced by the omission of this later-identified mitigating evidence.

The failure to call an expert witness likewise was neither deficient nor prejudicial. It is unclear how additional testimony from an expert witness stating that Mr. Knapp was intoxicated would benefit him, as both parties stipulated that Mr. Knapp had an extensive history of substance abuse, he was convicted of possession of a controlled substance, and the jury was informed that he had been drinking. As the Supreme Court has observed, "counsel . . . may disserve the interests of his client by attempting a useless charade." *United States v. Cronic*, 466 U.S. 648, 657 n.19 (1984). Mr. Knapp's counsel may well have thought that expert testimony was exactly that. This Court is not in the position to second-guess strategic trial decisions.

Next, Mr. Knapp argues that his counsel provided ineffective assistance by failing to present an intoxication defense. However, Mr. Knapp's allegations are contradicted by the record, as outlined below in Section C.

We conclude that the New Mexico state court's rejection of Mr. Knapp's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of clearly established federal law, nor was it based on unreasonable

-6-

determinations of the facts in light of the evidence presented. No reasonable jurist would think otherwise. Accordingly, Mr. Knapp's request for a COA is denied on this claim.

## B. Prosecutorial Misconduct

Mr. Knapp claims that the prosecutor made unfairly prejudicial remarks to jurors in the course of the trial. He points to the following statements, which appear to be a paraphrase of the prosecutor's opening and closing arguments setting out the state's theory of the case:

> [The prosecution said that] Karl Knapp shot Jane Johnston in a fit of rage because Jane Johnston was about to leave defendant and move on with her life. . . . He couldn't stand to see her with anyone else. The prosecution said that defendant had planned revenge against Jane Johnston because she was going to testify against him in a domestic matter which occurred a few months prior to her death. . . . The prosecution told the jury that the defendant shot Greg Maguire and Steve Goodwin for no good reason. She said that the shooting[s] were deliberate and that the three murders were premeditated.

App. for Habeas Corpus 9–10.

The defendant did not object to these statements at trial, and we therefore review for plain error. *See Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (laying out elements of plain error review).

The prosecutor's statements do not rise to the level of prosecutorial misconduct, let alone plain error. "[P]rosecutorial misconduct in a state court violates a defendant's right to a fair trial only if the prosecutor's actions 'so infected the trial with unfairness as to make the resulting conviction a denial of due

process.'" *Nguyen v. Reynolds*, 131 F.3d 1340, 1358 (10th Cir. 1997) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). In making this determination, the court must consider "the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." *Cummings v. Evans*, 161 F.3d 610, 618 (10th Cir. 1998). We review denial of this claim only for "unreasonable application of the standard." *Bland v. Sirmons*, 459 F.3d 999, 1024 (10th Cir. 2006).

In light of the powerful evidence against Mr. Knapp, it was reasonable for the state court to conclude that the prosecutor's remarks did not render his trial unfair. Although it is improper for the prosecution to use closing argument to inflame the passions and prejudices of the jury, *United States v. Young*, 470 U.S. 1, 9 n.7 (1985), that is balanced by the acknowledgment that in "an emotionally charged trial," the prosecutor's closing argument "need not be confined to the detached exposition as would be appropriate in a lecture." *United States v. Lotspeich*, 796 F.2d 1268 (10th Cir.1986), *quoting United States v. Bishop*, 534 F.2d 214, 220 (10th Cir. 1976). Moreover, when reviewing on a plain-error standard, prosecutorial misstatements, even if "inappropriate and amounting to error," must be so severe "as to undermine the fundamental fairness of the trial and contribute to a miscarriage of justice" in order to amount to a due process violation. *Young*, 470 U.S. at 16. Even assuming the impropriety of the

challenged statements, we find that nothing indicates they were sufficiently egregious to render the trial fundamentally unfair, and we find no grounds to justify COA.

## C. Jury Instructions

Mr. Knapp next argues that the trial court refused to give any jury instructions on diminished capacity, and that this constituted reversible error. However, Mr. Knapp's claim is contradicted by the record. In affirming Mr. Knapp's judgement and sentence on direct appeal, the state supreme court found that "[t]he district court judge gave the jury instructions on intoxication with regard to the murder and aggravated burglary charges, but denied Defendant's request for a similar instruction with regard to the aggravated stalking charge." R. at 211. To be sure, the state district court declined to give the jury Mr. Knapp's proposed diminished capacity instructions on the aggravated stalking charge, but this was not error. As the state supreme court explained: "there was insufficient evidence of intoxication to warrant an intoxication instruction for the aggravated stalking charge." *Id.* at 214. Mr. Knapp offers nothing that would lead us to conclude that factual judgment was clearly in error. Because Mr. Knapp actually received an intoxication instruction on some of the charges and was not entitled to such an instruction on the other, we deny COA on this claim.

## D. Judicial Bias

Mr. Knapp alleges that, on post conviction relief, the state trial court exhibited bias, as evinced by several adverse rulings. Yet "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Because it is Mr. Knapp's burden to overcome the presumption of impartiality, *Bracy v. Gramley*, 520 U.S. 899, 909 (1997); *Fero v. Kerby*, 39 F.3d 1462, 1479 (10th Cir.1994), his failure to offer any evidence of actual bias is fatal to his request for a COA on this claim.

## E. Motion to Proceed Without Prepayment of Fees

The magistrate judge granted Mr. Knapp's application to proceed without prepayment of fees on August 5, 2008. Thus, he may proceed on appeal *in forma pauperis* without further authorization. *See* Fed. R. App. P. 24(a)(3). We therefore deny as moot his motion in this Court for leave to proceed *in forma pauperis*.

## CONCLUSION

Accordingly, we **DENY** Mr. Knapp's request for a COA and **DISMISS** this appeal. Petitioner is permitted to proceed *in forma pauperis*.

Entered for the Court,

Michael W. McConnell
Circuit Judge

-10-