**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SOLOMON BEN-TOV COHEN,

     Plaintiff-Appellant,

v.

DR. ZAKI, Psychiatrist; GEO-ICE
Detention Facility; CHERYL M.
CURTIS, HSA, GEO-ICE Detention
Facility,

     Defendants-Appellees.

No. 10-1309
(D.C. No. 1:09-CV-02966-LTB-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Solomon Ben-Tov Cohen appeals the district court's grant of Defendants Dr. Sayed Zaki and Cheryl Curtis's motions to dismiss. We apply the firm waiver rule and affirm the district court's dismissal. We also deny Cohen's motion for leave to proceed *in forma pauperis*.

I

Cohen is a detainee in the custody of the United States Immigration and Customs Enforcement ("ICE"). He is currently detained at the GEO-ICE detention facility in Aurora, Colorado. GEO-ICE is operated by Defendant GEO Group, Inc., a private company that operates the detention facility pursuant to a contract with ICE to detain illegal aliens awaiting administrative hearings. Dr. Zaki and Cheryl Curtis are employees of GEO Group, Inc.

On December 21, 2009, Cohen filed a Bivens action in the district court alleging that GEO Group, Inc., Zaki, and Curtis violated his Fifth Amendment right of access to the courts by discontinuing his medication for Attention Deficit Hyperactivity Disorder ("ADHD"). According to Cohen, without his ADHD medication, he was unable to file his appeal with this court in "case No. 08-cv-02188-LTB-CBS[/]Case No. 09-1510" by the filing deadline. ROA Vol. 1, at 8. At the time Cohen filed his complaint in the district court, however, he had already filed a timely notice of appeal in 09-1510. He filed that notice on July 6, 2009—over five months before he filed his complaint in the present case. In addition, a few weeks before filing his complaint, Cohen filed a notice of appearance and a motion to appoint counsel in 09-1510.

2

On January 29, 2010, this court dismissed case no. 09-1510 because Cohen had appealed a district court order that was "interlocutory and not immediately appealable under 28 U.S.C. § 1291 or under any recognized exception to the final judgment rule." Case No. 09-1510, Order filed Feb. 1, 2010, at 2.

Proceeding before the district court, Zaki and Curtis each filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The assigned magistrate judge recommended in a written recommendation that the district court grant the motions. In addition, the magistrate judge stated that the parties had fourteen days to serve and file written objections to his recommendation. He further stated that "failure to make timely objections . . . will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge." Aplt. Op. Br. at 11–12.

Cohen did not object to the magistrate judge's recommendation. The district court adopted the recommendation, granted the defendants' motions to dismiss, and dismissed Cohen's complaint for failure to state a claim. Cohen timely appealed to this court.

II

We affirm the district court's dismissal of Cohen's complaint. Under the "firm waiver rule, . . . [t]he failure to timely object to a magistrate's recommendations waives appellate review of both factual and legal questions." Duffield v. Jackson, 545 F.3d 1234, 1237 (10th Cir. 2008) (quotations, citation, and brackets omitted). "The waiver rule applies to pro se litigants, provided they were informed of the time period for

3

objecting and the consequences of failing to object." Wardell v. Duncan, 470 F.3d 954, 958 (10th Cir. 2006). In his recommendation, the magistrate judge specifically informed Cohen that he had fourteen days to object and that the failure to do so would result in the waiver of appellate review. Because Cohen failed to object to the magistrate judge's recommendation despite this written warning, the firm waiver rule precludes our reaching the merits of Cohen's appeal.

We note that there are exceptions this rule. "The waiver rule may be suspended when the interests of justice warrant, or when the aggrieved party makes the onerous showing required to demonstrate plain error." Id. (citation and internal quotation marks omitted). Neither of these exceptions, however, apply to this case.

*1.    Interests of Justice*

In addressing whether the interests of justice favor departing from the firm waiver rule, courts consider "the pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." Duffield, 545 F.3d at 1238. Having reviewed the record presented, we conclude that none of these factors weigh in Cohen's favor. First, Cohen made no attempt to comply with the requirement that he object to the magistrate judge's recommendation within fourteen days. He neither filed a late objection, nor requested that the court extend the filing date. Instead, Cohen simply filed an appeal after the district court adopted the magistrate judge's recommendation.

Second, we are not persuaded by Cohen's explanation of why he failed to object to

the recommendation. On July 23, 2010, this court entered an order requiring Cohen to show cause as to why his appeal should not be dismissed for failure to object to the magistrate judge's recommendation. In response to our order, Cohen claimed he could not file a timely objection because the defendants would not permit him to take his ADHD medication. We are unpersuaded by this assertion because Cohen is obviously capable of filing pleadings without the benefit of his ADHD medication. Despite his assertions to the contrary, Cohen properly filed an appeal and pursued his appellate rights in case no. 09-1510 despite the fact that he was allegedly not taking his ADHD medication at that time. For this reason, Cohen's explanation of why he did not object to the magistrate judge's recommendation lacks merit.

Finally, the issues presented in this appeal do not justify our departing from the firm waiver rule because Cohen has not been denied access to the courts.[1] Although Cohen alleges he could not pursue his appeal in 09-1510 without his ADHD medication, the fact that he nonetheless filed a notice of appeal with the district court and filed

---

[1] Cohen argues that we should depart from the firm waiver rule because this case requires us to address an important legal question: whether employees of a private corporation operating under a federal contract can be held liable in a Bivens action. We disagree. We have already answered this question. In Peoples v. CCA Detention Ctrs., we held that "there is no implied private right of action for damages under *Bivens* against employees of a private prison for alleged constitutional deprivations when alternative state or federal causes of action for damages are available to the plaintiff." 422 F.3d 1090, 1101 (10th Cir. 2005) (aff'd in relevant part in Peoples v. CCA Detention Ctrs., 449 F.3d 1097 (10th Cir. 2006) (en banc)). Moreover, even if this issue were worthy of consideration, this court cannot properly address it because Cohen lacks standing to bring a claim for denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 349 (1995) (an inmate bringing a claim of denial of access to the courts without having suffered an "actual injury" lacks standing before the court).

multiple motions in case no. 09-1510 negates his contention. Because the defendants did not prevent Cohen from filing his appeal in 09-1510, we decline to depart from the firm waiver rule.

*2.     Plain Error*

We also conclude that the district court did not commit plain error in adopting the magistrate judge's recommendation. To show plain error, Cohen must show "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Morales-Fernandez v. INS, 418 F.3d 1116, 1120 (10th Cir. 2006). None of these requirements are met here. The magistrate judge properly recommended dismissal under Rule 12(b)(6) because Cohen filed and pursued his appeal in case no. 09-1510 and therefore failed to state a viable Fifth Amendment claim. For this same reason, the district court did not commit plain error in accepting the magistrate judge's recommendation and entering judgment against Cohen.

III

We also consider Cohen's motion for leave to proceed *in forma pauperis*. Cohen first filed this motion with the district court, but the court denied his request, finding that Cohen's appeal was "not taken in good faith because he ha[d] not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." Dist. Ct. Dkt. #58.

We agree with the district court. Although the Prison Litigation Reform Act,

6

including the filing fee requirements and the "strike" provisions, do not apply to Cohen because he is an alien detainee being held in immigration custody, <u>Andrews v. King</u>, 398 F.3d 1113, 1122 (9th Cir. 2005), the Federal Rules of Appellate Procedure apply to him and to all parties who file appeals with this court. Under Rule 24 of the Federal Rules, we may deny a motion to appear *in forma pauperis* if the appeal "is not taken in good faith." Fed. R. App. P. 4(a)(3)(A).

Cohen filed this appeal in bad faith because when he filed his notice of appeal on July 20, 2010, he knew he had not been denied access to the court in case no. 09-1510. As noted, Cohen filed his notice of appeal in the district court and a notice of appearance and motion to appoint counsel in case no. 09-1510 before he filed his complaint in this case. And on January 29, 2010, one month after Cohen filed his complaint, we dismissed 09-1510 for lack of appellate jurisdiction. Thus, at the time Cohen appealed the district court's ruling in this case, he knew not only that he had filed an appeal in 09-1510, but also that we had dismissed his appeal for lack of jurisdiction. Considering these facts, Cohen's appeal is clearly frivolous and taken in bad faith. We therefore deny his request to proceed *in forma pauperis*.

IV

The judgment of the district court is hereby AFFIRMED and Cohen's motion for leave to proceed *in forma pauperis* is DENIED.

Entered for the Court


Mary Beck Briscoe
Chief Judge