FILED
United States Court of Appeals
Tenth Circuit

April 5, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

BENNIE A. COOPER, JR.,

     Petitioner - Appellant,

v.

JUSTIN JONES,

     Respondent - Appellee.

No. 11-6314
(D.C. No. 5:10-CV-00075-R)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Petitioner-Appellant Bennie Cooper, Jr., a state inmate proceeding pro se, seeks a certificate of appealability ("COA") so that he may appeal the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. To obtain a COA, Mr. Cooper must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, he must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). Where denial of a claim rests on procedural grounds, a petitioner must show that the claim on

the merits is reasonably debatable, as is the district court's procedural ruling. Id. Finding these showings lacking, we deny a COA and dismiss the appeal.

## Background

Mr. Cooper was convicted of various state offenses relating to sexually abusing his stepdaughter and sentenced to seven consecutive terms of life imprisonment. On direct appeal, he claimed that (1) he was denied due process when the police failed to preserve potentially exculpatory evidence, (2) his convictions for rape, sodomy, kidnapping, and assault constituted double jeopardy and double punishment, (3) he was denied due process when the prosecutor failed to disclose exculpatory evidence to the defense, (4) he was prejudiced by attempts to comment on his pre- and post-arrest silence, (5) the jury should not have been allowed to take taped conversations between him and his wife into deliberations, and (6) cumulative error denied him a fair trial. The Oklahoma Court of Criminal Appeals (OCCA) affirmed the judgment, on the merits, with respect to each argument. 1 R. 637-40; Cooper v. State, No. F-2007-756, Summary Opinion (Okla. Crim. App. Aug. 28, 2008).

Mr. Cooper again raised these claims in his § 2254 petition before the federal district court, as well as a seventh unexhausted (and likely procedurally barred) claim that he was denied counsel during critical stages of the proceedings, specifically during execution of a search warrant and during arraignment.

Ultimately, Mr. Cooper amended his petition to drop the unexhausted claim, having failed to convince the district court to stay the proceedings pending his efforts to exhaust.

On the merits, the magistrate judge recommended that Mr. Cooper's amended petition be dismissed and warned Mr. Cooper that failure to object to that recommendation could result in waiver of one or more claims. 1 R. 722, 735. Mr. Cooper objected to the recommendation only as it related to two of his original six claims; as a result, the remaining claims were waived. See Duffield v. Jackson, 545 F.3d 1234, 1237 (10th Cir. 2008). Mr. Cooper's objections related to his first and third claims of error, that (1) the magistrate judge failed to address an argument relating to Sixth Amendment assistance of counsel, and (2) the prosecution violated his Fifth and Fourteenth Amendment rights by failing to disclose potentially exculpatory evidence, respectively. The district court adopted the magistrate's recommendation and dismissed Mr. Cooper's § 2254 petition.

On appeal, Mr. Cooper argues that the district court erred by (1) denying his motion to stay proceedings pending state-court exhaustion of his seventh claim and (2) rejecting his objections to the magistrate judge's recommendation.

## Discussion

To obtain habeas relief, a habeas petitioner must exhaust state remedies. 28 U.S.C. § 2254(b)(1)(A). Whether to grant a stay and abeyance when a

petitioner has failed to exhaust state remedies on a particular claim is a matter of district court discretion. Rhines v. Weber, 544 U.S. 269, 276-79 (2005). The district court denied Mr. Cooper's motion to stay the proceedings on the grounds that his seventh claim lacked merit and should have been raised before the OCCA earlier. 1 R. 530. Mr. Cooper argues that the latter finding is inconsistent with the district court's finding that the claim was diligently pursued, at least for purposes of statutory tolling, 28 U.S.C. § 2244(d)(2), which allowed Mr. Cooper to file his federal habeas petition beyond the apparent deadline. No reasonable jurist could find an abuse of discretion in the district court's procedural ruling: Mr. Cooper knew of the claim in 2005, well before he sought to raise it in state-court post-conviction proceedings in November 2009. 1 R. 530. No evidentiary hearing was warranted, and the district court did not abuse its discretion.

Mr. Cooper next argues that he adequately raised his denial of counsel claims in his first proposition of error. Having reviewed what was argued in state court, it is apparent that, while Mr. Cooper equated the lack of counsel to bad faith destruction of evidence, he plainly pinned the blame on law enforcement. 1 R. 17-18. In rejecting that proposition, the OCCA held that the evidence was properly tested by law enforcement, the evidence was not material, and no showing of bad faith was made. 1 R. 638. Mr. Cooper's current argument—that his not having appointed counsel allowed the state to destroy potentially exculpatory evidence—was not fairly presented in state court. Neither the district

court's recognition of this fact, nor its resolution of his original argument on the merits, is reasonably debatable.

Consistent with his third proposition of error, Mr. Cooper argues that the prosecution failed to disclose potentially exculpatory evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1963). The OCCA addressed this argument and concluded that Mr. Cooper had not "demonstrated how the evidence in question was favorable and material to the defense." 1 R. 639. Federal courts must defer to state court proceedings on this issue unless they "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Moreover, factual findings made by state courts are presumed correct unless the presumption is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The magistrate judge and district court agreed with the OCCA that Mr. Cooper had not adequately explained why the evidence at issue was material and favorable, and further noted that the evidence at issue actually supported the victim's testimony. Mr. Cooper now argues that the evidence would have supported his testimony in his own defense. But Mr. Cooper did not testify during the trial in which he was convicted, and his explanation for why the evidence would be material and favorable before the OCCA, the magistrate judge, and the district court was not sufficiently persuasive

to make the showing required under <u>Brady</u>. The district court's conclusion on this point, particularly given the deference we afford state court resolutions, is not reasonably debatable.

We DENY a COA, DENY IFP status, and DISMISS Mr. Cooper's appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge