**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK ALFONSO ORTIZ,

Defendant - Appellant.

No. 13-2208
(D. New Mexico)
(D.C. Nos. 1:13-CV-00449-JCH-LAM
and 1:10-CR-03366-JCH-1)

**ORDER**\*

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Mr. Mark Alfonso Ortiz pleaded guilty to being a felon in possession of

ammunition and a firearm. *See* 18 U.S.C. § 922(g)(1) (2006).  He moved to

vacate the sentence under 28 U.S.C. § 2255 (2006), and the district court denied

the motion.  Mr. Ortiz appeals and seeks leave to proceed *in forma pauperis*.  We

grant leave to proceed *in forma pauperis*.  But, we can entertain the appeal only if

---

\*     The present order does not constitute binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The order may
be cited, however, for its persuasive value.

Mr. Ortiz is entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) (2006). Holding that he is not entitled to a certificate, we dismiss the appeal.

## Leave to Proceed *in Forma Pauperis*

Because Mr. Ortiz is indigent, we grant his application for leave to proceed *in forma pauperis*.

## Standard for a Certificate of Appealability

To obtain a certificate of appealability, Mr. Ortiz must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). This showing requires that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

## Background

In his § 2255 motion, Mr. Ortiz argued that: (1) one of his attorneys had incompetently negotiated with the government and failed to request a mental health evaluation (which allegedly would have resulted in a lower sentence), and (2) the prosecutor had engaged in misconduct by failing to disclose an intent to seek an enhanced sentence under the Armed Career Criminal Act.

2

This matter was referred to a magistrate judge, who recommended dismissal with prejudice on the ground that Mr. Ortiz had waived his right to file a § 2255 motion.

In the recommendation, the magistrate judge stated that any party could object within fourteen days of being served with a copy of the recommendation. Failure to timely object, the magistrate judge warned, would preclude appellate review.

Thirty-four days later, Mr. Ortiz filed a document entitled "Motion in Opposition of Magistrates Recommendation." There he argued that he had not received the government's response to his § 2255 motion and asked the district court to strike the magistrate judge's recommendation. The government responded to Mr. Ortiz's motion by submitting the certified-mail receipt, showing that the service copy had been sent to Mr. Ortiz's address.

The district judge adopted the magistrate judge's recommendation, concluded that Mr. Ortiz had failed to rebut the presumption of timely receipt of the government's response, and noted that no party had timely objected to the magistrate judge's recommendation. Mr. Ortiz asked the district judge for a certificate of appealability, but she declined. Mr. Ortiz now asks us for one.

**Mr. Ortiz's Arguments on Appeal**

3

On appeal, Mr. Ortiz reargues his claim of ineffective assistance, but withdraws the claim of prosecutorial misconduct. Mr. Ortiz likewise reasserts that he did not timely receive the government's response, which prevented him from fully litigating his § 2255 motion. Mr. Ortiz does not discuss the government's evidence or the timeframe for his objection to the magistrate judge's recommendation. Because Mr. Ortiz cannot overcome the firm waiver rule imposed when a litigant fails to timely object to a magistrate judge's recommendation, we conclude that Mr. Ortiz is not entitled to a certificate of appealability.

Under the firm waiver rule, "[t]he failure to timely object to a [magistrate judge's] recommendations 'waives appellate review of both factual and legal questions.'" *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). An exception exists: (1) when the district court did not remind a pro se litigant of the deadline and the consequences of a failure to timely object, or (2) when review on the merits is required in the "interests of justice." *Id*.

Mr. Ortiz did not timely object to the magistrate judge's recommendation. Thus, we consider the two exceptions.

4

The first exception does not apply because the magistrate judge informed Mr. Ortiz of both the time period for objecting and the consequences of failing to timely object.

The second exception is also inapplicable. The government established that it had timely sent Mr. Ortiz a copy of its response brief, and Mr. Ortiz does not present any other reason for his delay in objecting.

In these circumstances, we conclude that Mr. Ortiz waived appellate review by failing to timely object to the magistrate judge's report.

## Conclusion

Although we grant Mr. Ortiz's application for leave to proceed *in forma pauperis*, we conclude that he has waived appellate review. Thus, we deny his request for a certificate of appealability and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

5