FILED
United States Court of Appeals
Tenth Circuit

June 19, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MINH PHAM,

      Plaintiff - Appellant,

v.

MICHAEL AHRENS, Officer, in his
official and individual capacity; GLENN
MAHR, Officer, in his official and
individual capacity; CITY OF DENVER;
[GOVERNOR] JOHN W.
HICKENLOOPER, former Mayor of
Denver,

      Defendants - Appellees.

No. 13-1484
(D.C. No. 1:12-CV-02155-RBJ-KLM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **McKAY**, and **PHILLIPS**, Circuit Judges.

Plaintiff Minh Pham, proceeding pro se, sued police officers Michael Ahrens

and Glenn Mahr, alleging they violated the Fourth Amendment when they searched

his home and storage shed, handcuffed him too tightly, and detained him in the back

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of a patrol car.[1]  Relying on a magistrate judge's Report and Recommendation

(R&R), the district court granted summary judgment in favor of defendants.  It also

denied Mr. Pham's motion for leave to file an amended complaint.  Mr. Pham

appeals.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

Mr. Pham's complaint concerned defendants' actions when they conducted a

welfare check at his home.  The magistrate judge recommended summary judgment

for the defendants because (1) Mr. Pham gave defendants consent to enter his home

and the scope of the search was reasonable; (2) the officers had probable cause to

arrest Mr. Pham for child abuse based on their observations that the house was

unsanitary, dirty, and dangerous for children; and (3) Mr. Pham did not show he

timely complained about the allegedly too-tight handcuffs to defendants.

The magistrate judge issued her R&R on October 18, 2013.  It advised

Mr. Pham that he needed to file specific, written objections within fourteen days after

service or he would waive his right to further review by the district court judge and

the court of appeals.  Mr. Pham did not file any specific, written objections to the

R&R.  He noted a general objection to the R&R in the pretrial order filed on October

28.  He also alleged in his motion for leave to file an amended complaint that he had

---

[1] Mr. Pham also named the City and the Mayor of Denver in his complaint.
But before the deadline for filing an answer, the district court sua sponte dismissed
the claims against those defendants as legally frivolous under 28 U.S.C.
§ 1915(e)(2)(B).  Mr. Pham does not appear to challenge the dismissal of those
parties in this appeal.

objected to the R&R at the pretrial conference on November 4. In that motion, Mr. Pham sought to add claims against the City and County of Denver and another police officer, Lesley Tucker.

The district court denied Mr. Pham's motion for leave to amend and granted the motion for summary judgment. This appeal followed.

## II. DISCUSSION

### A. *Waiver of Appellate Review*

Mr. Pham seeks to challenge the district court's summary judgment ruling on appeal. The record shows, however, that Mr. Pham did not file timely written objections to the magistrate judge's R&R. *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Mr. Pham therefore waived appellate review of the district court's summary judgment ruling under the firm waiver rule. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("[W]e have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate. Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." (citations omitted)).

We have recognized two exceptions to the firm waiver rule. Neither applies here. The first exception is when "a *pro se* litigant has not been informed of the time

period for objecting and the consequences of failing to object." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005). The R&R clearly advised Mr. Pham that he had fourteen days to file specific, written objections and that the failure to do so would waive appellate review. R. at 546.

The second exception is when "the 'interests of justice' require review." *Morales-Fernandez*, 418 F.3d at 1119. When considering this exception, we have looked at "a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Id.* at 1120. Mr. Pham has not demonstrated that he made an effort to comply, nor has he provided a plausible explanation for his failure to comply. Mr. Pham asserts he did not receive the R&R from the court. This explanation is not plausible because the R&R was mailed to the address where all of the other court correspondence was sent and the court did not receive any notice of returned or undeliverable mail.

Moreover, in the final pretrial order, which was submitted before the time for filing written objections expired, Mr. Pham acknowledged the magistrate judge had issued an R&R on October 18 and noted his general objection.[2] This general objection, however, does not satisfy Fed. R. Civ. P. 72(b)(2)'s requirement that a litigant file specific, written objections to the magistrate judge's R&R. Mr. Pham has

---

[2] The pretrial order indicated under "Pending Motions" that the court had not ruled on the R&R and further noted: "Plaintiff objects to the Recommendation. U.S. Magistrate Judge Mix issued a Recommendation (Doc. #65) on October 18, 2013 much before Plaintiff's second Responses to Doc. #43. For at least this reason, Plaintiff objects to this Summary Judgment Recommendation." Supp. R. at 21.

- 4 -

not provided a plausible explanation for why he could not timely comply with this requirement.

When considering whether the importance of the issues raised might trigger the "interests of justice" exception, we have reviewed the unobjected-to claims for plain error. *See Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008). To demonstrate plain error, Mr. Pham must show: "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted).

In his appellate brief, Mr. Pham's main argument appears to be that the R&R is flawed because it is based on allegedly untruthful declarations from Officers Mahr, Ahrens, and Tucker. Mr. Pham fails, however, to cite to any record evidence to contradict the declarations or otherwise demonstrate a dispute as to any material fact. Fed. R. Civ. P. 56(a). The magistrate judge issued a well-reasoned and well-supported R&R, which the district court approved. Mr. Pham's appellate brief fails to show the district court committed any error, let alone a plain error. We therefore see no basis for the "interests of justice" exception to permit appellate review of Mr. Pham's claims.

### B. *Motion for Leave to Amend Complaint*

Mr. Pham also challenges the district court's denial of his motion for leave to amend his complaint. We see no abuse of the court's discretion. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

The court concluded the motion was untimely because Mr. Pham

> had ample opportunity to amend his complaint properly to include Officer Tucker and to attempt to reassert claims against the City and County of Denver. He was informed as to what he needed to do when his previous attempts to file amendments failed, but he did not further amend his complaint. He cannot wait until the whole process of summary judgment briefing and magistrate judge review has occurred, and the opportunity to object has expired, and then expect the Court to accept another version of his complaint, moot all that had gone before and start the process of a motion for summary judgment, briefing, review and recommendation over again.

R. at 748.

A court may refuse leave to amend on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager*, *Dep't of Safety*, *City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal quotation marks omitted). The deadline for joinder of parties and amendment of pleadings in this case was May 29, 2013, but Mr. Pham did not request leave to amend until November 6, 2013, more than a year after he filed his original complaint. As the district court noted, Mr. Pham filed the motion after briefing on defendants' motion for summary judgment was complete and after the magistrate judge had issued her R&R. Moreover, Mr. Pham did not provide an adequate reason for the delay. *Frank,* 3 F.3d at 1365-66 ("[U]ntimeliness alone is sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." (citations omitted)). The district court did not abuse its discretion.

### III.  **CONCLUSION**

For the foregoing reasons, we affirm the judgment of the district court.  We also grant appellees' motion to supplement the record on appeal.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge