UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

SHIREEN DISEL NALLEY,

      Plaintiff–Appellant,

v.

NEW MEXICO BEHAVIORAL
HEALTH INSTITUTE; HUMAN
SERVICES DEPARTMENT OFFICE
OF THE SECRETARY; UNITED
STATES ATTORNEY GENERAL;
JOANNE BURNESS; and UNITED
STATES ATTORNEY'S OFFICE,

      Defendants–Appellees.

Nos. 08-2304 & 09-2023
(D.C. No. 1:08-CV-01000-LH-ACT)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

Shireen Disel Nalley appeals the dismissal of her claims against Joanne

Burness, a medical professional, who Nalley alleges falsely testified as to

Nalley's competence to stand trial.[2]  Nalley also seeks to hold several additional

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

[2] Nalley filed two notices of appeal, docketed as cases 08-2304 and 09-
2023.  Both appeal the same memorandum opinion and order of the district court

(continued...)

parties vicariously liable.  Pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of

Civil Procedure 12(b)(6), the district court dismissed Nalley's complaint.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm for substantially the

same reasons given by the district court.

Nalley explains neither the circumstances leading up to Burness' testimony

nor the nature of the proceeding in which Burness testified.  However, she alleges

that Burness told her in private that she was incompetent, but then testified to the

contrary in court.  Seeking damages of $75,000.01, Nalley filed suit in United

States District Court for the District of New Mexico.  Interpreting her complaint

as a civil rights action brought under 42 U.S.C. § 1983, the district court

dismissed Nalley's claims against Burness because Burness is entitled to absolute

immunity as a witness.  It dismissed her claims against the remaining defendants

because they could not be held liable under a respondeat superior theory.  Having

thus dismissed all federal claims, the district court declined to exercise

supplemental jurisdiction over Nalley's state law claims.

Because she proceeds pro se, we construe Nalley's pleadings liberally.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court will not

"assume the role of advocate for the pro se litigant."  See id.  Although the

district court interpreted Nalley's amended complaint to assert claims under

---

[2](...continued)
and raise the same issues.  We thus do not address them separately.

- 2 -

§ 1983, given its references to negligence, intentional tort, and medical malpractice, as well as the amount of the claimed damages, Nalley may have been attempting to invoke the court's diversity jurisdiction, <u>see</u> 28 U.S.C. § 1332. However, the record indicates that all parties are citizens of New Mexico and thus not diverse. <u>Symes v. Harris</u>, 472 F.3d 754, 758 (10th Cir. 2006).

Further, we conclude that Nalley has also failed to state a claim under 42 U.S.C. § 1983 for the reasons given by the district court. Witnesses are absolutely immune from suits under § 1983 arising out of their testimony. <u>Briscoe v. LaHue</u>, 460 U.S. 325, 345-46 (1983); <u>Miller v. Glanz</u>, 948 F.2d 1562, 1570 (10th Cir. 1991). Nor can § 1983 liability be based upon a mere supervisory or employment relationship. <u>Duffield v. Jackson</u>, 545 F.3d 1234, 1239 (10th Cir. 2008). Accordingly, the district court correctly dismissed both the claims against Burness and those against the other defendants. Having properly dismissed Nalley's federal claims, the district court permissibly declined to exercise supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367(c)(3).

For the foregoing reasons, the dismissal of Nalley's complaint is **AFFIRMED**. Her request to proceed in forma pauperis on appeal and all other pending motions are **DENIED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

- 3 -