FILED
United States Court of Appeals
Tenth Circuit

**June 28, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RONALD J. NAGIM;
JANET NAGIM,

      Plaintiffs-Appellants,

v.

STEPHEN M. IRVING; JOSEPH E.
ABRAHAM, JR.; SANDRA
ABRAHAM; JOSEPH E. ABRAHAM,
III; ALICIA PELLEGRIN;
LOUISIANA STATE UNIVERSITY,

      Defendants-Appellees.

No. 10-1531
(D.C. No. 1:10-CV-01925-REB-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

    This appeal is resolved by application of our firm waiver rule. Ronald and

Janet Nagim brought this action pro se in Colorado state court, alleging various

claims against defendants, all of whom are residents of Louisiana. Defendants

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

removed the action to federal court and moved to dismiss for lack of personal jurisdiction, among other things. The district court referred the matter to a magistrate judge who reviewed the Nagims' claims and agreed that personal jurisdiction was lacking. Accordingly, the magistrate judge recommended dismissal without prejudice and gave the Nagims fourteen days to file written objections to the report and recommendation. The magistrate judge explicitly warned the Nagims that "failure to serve and file specific, written objections waives de novo review . . . by the District Judge and also waives appellate review of both factual and legal questions." R. at 179 (citations omitted). The magistrate judge added that "objections to [the] Recommendation must be both timely and specific to preserve an issue for . . . appellate review." *Id.* Despite this warning, the Nagims did not file written objections.

Without any objections, the district court reviewed the magistrate judge's report and recommendation for plain error and, finding none, dismissed the case. Thereafter, the Nagims initiated this appeal, and we afforded them an opportunity to show cause why their failure to object did not waive appellate review under the firm waiver rule. They declined that opportunity and instead filed a series of motions that seem to assert the merits of the case. Defendants, for their part, urge us to apply waiver principles and affirm the district court.

"This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations

waives appellate review of both factual and legal questions." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005). "This rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Id.* (quotation omitted).

The first exception has no application here because the magistrate judge clearly alerted the Nagims that failing to file objections within fourteen days of the report and recommendation would waive appellate review of the merits of the case. We thus examine the second exception—whether the interests of justice warrant suspending the waiver rule. We conclude they do not. The concept of "interests of justice" is "elusive," but we consider "factors such as a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008). When considering

> whether the importance of the issues raised might trigger the interests of justice exception, we have said that, in many respects, the interests of justice analysis we have developed, which expressly includes review of a litigant's unobjected-to substantive claims on the merits, is similar to reviewing for plain error.

*Id*. (alteration and quotation omitted). A showing of plain error entails "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted).

The Nagims made no apparent attempt to comply with the filing deadline to file objections, and offer no explanation for their failure to do so. They could have sought an extension from the district court, but they did not; instead, they filed this appeal. We allowed them an opportunity to show cause why the waiver rule should not apply, but the Nagims' response simply argued the merits of the case, without addressing the basis for the magistrate judge's recommendation.

On that score, the magistrate judge recommended dismissal of the individual defendants for want of personal jurisdiction because they are all residents of Louisiana. Notwithstanding "serious doubts that Defendants took any action in Colorado or directed at Colorado," the magistrate judge determined that the Nagims "arguably alleged that Defendants purposefully directed their actions at Colorado." R. at 172. Nevertheless, the magistrate judge concluded that exercising personal jurisdiction over these defendants "would offend traditional notions of fair play and substantial justice," *see Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1161 (10th Cir. 2010) (quotation omitted), because none of the traditionally considered factors weighed in favor of exercising jurisdiction.[1] Further, the magistrate judge determined that rather than

---

[1] These factors are

(1) the burden on the defendant, (2) the forum state's interests in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effectual relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies,

(continued...)

transfer the action to the proper venue, dismissal without prejudice was appropriate because all of the Nagims' claims appeared to be time-barred *before* they initiated this suit and, in any event, appeared to be meritless. Finally, the magistrate judge recommended that the claims against defendant Louisiana State University, a state entity, be dismissed with prejudice for lack of subject matter jurisdiction under the Eleventh Amendment.

We have examined the record, the parties' materials, and the relevant legal authority, and we find no error in the magistrate judge's proposed disposition. Accordingly, the interest-of-justice exception does not suspend application of the firm waiver rule, and the judgment of the district court is AFFIRMED. The Nagims' motion to seal attachments, which was provisionally granted, is DENIED as moot, and the Clerk is directed to return these materials to the Nagims. All other outstanding motions and requests for relief are DENIED. The Nagims' motion to proceed on appeal *in forma pauperis*

---

[1](...continued)
      and (5) the shared interest of the several states or foreign nations in furthering fundamental social policies.

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1080 (10th Cir. 2008) (quotation and brackets omitted).

is DENIED because they have failed to show a reasoned, non-frivolous argument; they are directed to pay the entire filing fee immediately.

Entered for the Court

Wade Brorby
Senior Circuit Judge