FILED
United States Court of Appeals
Tenth Circuit

December 2, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TOBIN DON LEMMONS,

    Plaintiff - Appellant,

v.

MICHAEL HOUSTON; JEFF TROUTT;
JANET DOWLING; KATRYNA FRECH;
GENESE McCOY; SAMMIE KENYON;
JAMES HOWARD; DR. SHRINER;
JOSEPH SMASH; DOES; CHERIAN
KARUNAPUZHA; LORI IRWIN;
GREGG BROOKS; KENYA SACKETT;
FELICIA HARRIS; ROBERT PATTON;
JUSTIN JONES, in his individual capacity,

    Defendants - Appellees.

No. 15-6075
(D.C. No. 5:13-CV-00494-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **PHILLIPS**, Circuit Judges.
_____

    Tobin Don Lemmons, a state prisoner proceeding pro se, appeals from a

district court order granting summary judgment in favor of defendants

Drs. Karunapuzha and Troutt and dismissing the remainder of his claims against

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

numerous prison officials. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

This is Mr. Lemmons's twelfth appeal to this court. His current action is based primarily on allegations that the defendants acted with deliberate indifference to his medical needs in violation of the Eighth Amendment by not providing proper medication for his seizure disorders. He also alleges that defendants failed to respond appropriately to his requests to staff and violated his federal constitutional and statutory rights as well as state law.

A magistrate judge issued three reports and recommendations pertinent to this appeal. On February 2, 2015, the magistrate judge addressed Dr. Karunapuzha's motion for summary judgment and, based solely on the pleadings, determined that Mr. Lemmons failed to state a claim against Dr. Karunapuzha under 42 U.S.C. § 1983. The magistrate judge also recommended dismissal without prejudice of Mr. Lemmons's state law claims against Dr. Karunapuzha.

On February 3, 2015, the magistrate judge issued a supplemental report and recommendation. Having additionally considered matters beyond the pleadings, including an affidavit of Dr. Karunapuzha, he now recommended granting summary judgment in favor of Dr. Karunapuzha. According to the magistrate judge, undisputed facts supported the following version of events. Dr. Troutt, the facility physician, referred Mr. Lemmons to Dr. Karunapuzha, a neurologist, for a consultation regarding his seizures. Dr. Karunapuzha saw Mr. Lemmons only once

and diagnosed him with two seizure disorders—psychogenic non-epileptic seizures (or, "pseudoseizures") and generalized tonic clonic seizures—and an anxiety disorder. Mr. Lemmons reported to Dr. Karunapuzha that his pseudoseizures had been kept under control with Klonopin in the past, but since being taken off it, his pseudoseizures were occurring more frequently. Dr. Karunapuzha explained that Klonopin was not prescribed for long-term management of seizures and recommended that Mr. Lemmons receive other treatment for his pseudoseizures, including psychological counseling and possibly medication to manage his anxiety (which could be a trigger for his pseudoseizures).

Mr. Lemmons told Dr. Karunapuzha that his generalized tonic clonic seizures had been successfully controlled with gabapentin (also referred to by the brand name "Neurontin") for nearly the past two years. Dr. Karunapuzha did not recommend any changes to Mr. Lemmons's treatment for generalized tonic clonic seizures. Although his report indicated that Mr. Lemmons was currently taking gabapentin, it did not indicate whether or not he should continue to do so. Mr. Lemmons was later taken off gabapentin at the direction of Dr. Troutt, which caused a recurrence of his generalized tonic clonic seizures.

The magistrate judge found nothing in the record to support the conclusion that Dr. Karunapuzha had any authority over Mr. Lemmons's treatment after the one-time consultation or that Dr. Karunapuzha had a continuing duty to ensure Mr. Lemmons received treatment that was consistent with his recommendations.

3

Thus, the magistrate judge determined Mr. Lemmons had not averred facts that would defeat Dr. Karunapuzha's motion for summary judgment.

The magistrate judge issued a third report and recommendation on February 19, 2015, addressing a motion for summary judgment on behalf of the remaining defendants. He recommended granting summary judgment in favor of all the defendants except Dr. Troutt. The magistrate judge found that in light of Mr. Lemmons's history of seizures, withholding medication to control his seizures posed an obvious and sufficiently serious risk of harm to warrant protection under the Eighth Amendment. The magistrate judge stated that he could "think of no explanation for Dr. Troutt's actions other than his, either willfully or recklessly, disregarding an excessive risk to Plaintiff's health or safety." R., Vol. 1, at 506.

Mr. Lemmons timely objected to the February 2 and 3 reports; Dr. Troutt timely objected to the February 19 report. Mr. Lemmons's objection to the February 19 report was not timely and was therefore stricken by the district court.

The district court adopted the recommendation in the February 3 report and granted summary judgment in favor of Dr. Karunapuzha. The court declined to adopt the recommendations in the February 19 report as to Dr. Troutt but did adopt them as to the other defendants. The district court concluded Dr. Troutt was entitled to qualified immunity because Mr. Lemmons had not made any showing that Dr. Troutt had acted with deliberate indifference to his medical needs. Therefore the court granted summary judgment in favor of Dr. Troutt. Because Mr. Lemmons had not timely objected to the February 19 report, the court dismissed the remaining federal

4

claims and declined to exercise supplemental jurisdiction over the state law claims, which it dismissed without prejudice.

On appeal, Mr. Lemmons appears to argue that the district court erred by striking his untimely objection to the February 19 report, by not adopting the magistrate judge's recommendation regarding his claim against Dr. Troutt, and by declining to exercise pendent jurisdiction over his state law claims. To the extent he attempts to raise other issues for the first time on appeal, he fails to argue that he would be entitled to relief under the plain error standard of review, and we decline to review such issues. *See Martinez v. Angel Expl., LLC*, 798 F.3d 968, 974 (10th Cir. 2015) ("We generally do not consider theories raised for the first time on appeal, and because [the plaintiff] makes no argument how he can satisfy the plain error standard of review, we go no further.").

## II. Untimely Objection

Mr. Lemmons argues that the district court erred by not giving him enough time to respond to the magistrate judge's February 19 report. We are not persuaded.

The magistrate judge's February 19 report expressly advised Mr. Lemmons he had until March 9, 2015, to object, otherwise he would waive the right to appellate review of its factual and legal determinations. Mr. Lemmons does not contend that he was uninformed about the deadline or its significance. On February 24, the district court granted Mr. Lemmons's motion for an extension of time to respond to the February 2 and 3 reports and sua sponte extended the deadline for responding to the February 19 report. The court stated it would not grant any further extensions

5

and that objections to all three reports were due by March 16. Mr. Lemmons objected to the February 2 and 3 reports by March 16, but he did not file an objection to the February 19 report until March 27. The district court struck it as untimely.

This circuit has adopted a firm waiver rule under which the failure to object to the magistrate judge's findings or recommendations waives appellate review of both factual and legal questions. *Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004). Here, Mr. Lemmons was specifically advised of both the time period for objecting and the consequences of failing to do so. *See Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008). The deadline had already been extended once, and Mr. Lemmons did not timely request a further extension. Nor does he argue that the "interests of justice" exception applies here. *Cf. id.* at 1238. We discern no error. To the extent Mr. Lemmons asserts that the district court should have granted his untimely motion for an extension, we find no abuse of the court's discretion. *See id.* at 1240.

## III. Summary Judgment in Favor of Dr. Troutt

Mr. Lemmons argues that the district court erred by granting summary judgment in favor of Dr. Troutt. We disagree.

We review de novo a grant of summary judgment on the basis of qualified immunity, viewing the record in the light most favorable to the nonmoving party. *Mata v. Saiz*, 427 F.3d 745, 749 (10th Cir. 2005). We construe a pro se party's pleadings liberally. *Hammons v. Saffle*, 348 F.3d 1250, 1254 (10th Cir. 2003).

"When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). The Eighth Amendment prohibits prison officials from acting with "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "The test for deliberate indifference is both objective and subjective." *Martinez*, 563 F.3d at 1088. The objective component requires that the harm be sufficiently serious to implicate the Eighth Amendment, and for the purpose of resolving this appeal, we assume that the harm alleged by Mr. Lemmons rises to that level.

"The subjective prong of the deliberate indifference test requires the plaintiff to present evidence of the prison official's culpable state of mind." *Mata*, 427 F.3d at 751. A plaintiff may prevail on this component by showing that the defendant knew he faced a substantial risk and disregarded that risk by failing to take measures to abate it. *Martinez*, 563 F.3d at 1089. However, an inadvertent failure to provide adequate medical care—even if it rises to the level of medical malpractice—does not necessarily amount to a constitutional violation. *Estelle*, 429 U.S. at 105-06; *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006). Thus, Mr. Lemmons was required to provide evidence supporting an inference that Dr. Troutt knew about and disregarded a substantial risk of harm to his health and safety. *See Mata*, 427 F.3d at 752.

Mr. Lemmons has adduced no evidence Dr. Troutt disregarded the risk posed by his seizure disorders. The record shows Dr. Troutt saw Mr. Lemmons multiple times and twice referred him to neurologists. *Cf. id.* at 758-59 (concluding that evidence of a nurse's complete refusal to assess or diagnose inmate's medical condition could amount to deliberate indifference so as to defeat summary judgment in her favor). The first neurologist, Dr. Karunapuzha, recommended Mr. Lemmons be referred to psychiatric services and psychological counseling to better manage his pseudoseizures. Those referrals were made. Dr. Karunapuzha did not make a recommendation one way or the other with respect to keeping Mr. Lemmons on gabapentin, so there is no evidence to support the inference that Dr. Troutt subjectively believed weaning Mr. Lemmons off gabapentin would be contrary to Dr. Karunapuzha's recommendations. Rather, Dr. Troutt's notes indicate that he made a good faith effort to devise a treatment plan based upon and consistent with the neurologist's recommendations. *See id.* at 760-61 (concluding that another nurse was entitled to qualified immunity in part because her statements and notes demonstrated she subjectively believed the inmate was not suffering from a serious medical condition). Further, regardless of Mr. Lemmons's repeated requests to be put back on gabapentin, the Eighth Amendment does not give him a right to a particular course of treatment. *See Callahan*, 471 F.3d at 1160.

Eight months after Mr. Lemmons saw Dr. Karunapuzha, Dr. Troutt referred him to a second neurologist, who recommended restarting gabapentin. Soon afterward, Dr. Troutt again prescribed gabapentin. Though the record also supports

8

the conclusion that Dr. Troutt may have misread Dr. Karunapuzha's diagnosis and misdiagnosed generalized tonic clonic seizures as pseudoseizures, Mr. Lemmons adduces no evidence that Dr. Troutt was aware of these alleged mistakes. "A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999). Because the record does not demonstrate Dr. Troutt acted with deliberate indifference toward Mr. Lemmons's medical needs, the district court properly concluded he was entitled to qualified immunity.

## IV. Pendent Jurisdiction

Mr. Lemmons argues the district court erred by declining to address issues related to his state law claims. However, "supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion." *Estate of Harshman v. Jackson Hole Mtn. Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004); *see* 28 U.S.C. § 1367(c)(3). After the district court resolved the claims against Drs. Karunapuzha and Troutt, it dismissed Mr. Lemmons's remaining claims. This was consistent with the magistrate judge's recommendations, and we discern no abuse of the court's decision.

## V. Conclusion

The judgment is affirmed. Mr. Lemmons's motion for leave to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915 is granted, and he is

9

reminded of his continued obligation to make partial payments until the filing fee is paid in full.

Entered for the Court

Gregory A. Phillips
Circuit Judge
