**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KENNETH J. FELLON,

    Plaintiff - Appellant,

v.

ROBERT O. LAMPERT, Wyoming Department of Corrections Director, in his individual and official capacities; STEVE HARGETT, Wyoming Department of Corrections Medium Correctional Institution Warden, in his individual and official capacities; MELANIE MARTINEZ-ELLIS, Wyoming Department of Corrections Medium Correctional Institution Health Service Administrator, in her individual and official capacities; EDDIE WILSON, Wyoming Department of Corrections State Penitentiary Warden, in his individual and official capacities; JEFF SHANAHAN, former Wyoming Department of Corrections State Penitentiary Health Services Administrator, in his individual and official capacities; KURT JOHNSON, Wyoming Department of Corrections Medium Correctional Institution Health Services Regional Manager, in his individual and official capacities; DOCTOR YOUNG, Wyoming Department of Corrections State Penitentiary Health Services Physician, in his individual and official capacities; NURSE ROTH, Wyoming

No. 15-8016
(D.C. No. 2:14-CV-00100-ABJ)
(D. Wyo.)

Department of Corrections State Penitentiary Nurse, in her individual and official capacities; NURSE OAKLEY, Wyoming Department of Corrections Medium Correctional Institution Nurse, in her individual and official capacities; CORIZON HEALTH SERVICES, INC.,

       Defendants - Appellees.

_____

## ORDER AND JUDGMENT[*]
_____

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Mr. Kenneth Fellon is a Wyoming prisoner who suffered from chronic pain in his shoulder and arm. He sought and obtained medical care from a private entity, Corizon Health, Inc. Mr. Fellon grew dissatisfied with the medical care and sued under 42 U.S.C. § 1983, alleging violation of the Eighth Amendment and negligence by state officials, Corizon Health, and Corizon employees. The state officials moved for dismissal, and the Corizon defendants moved for summary judgment. The district

---

[*]      The parties do not request oral argument, and the Court has determined that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

      Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.

court granted both motions, and Mr. Fellon appeals. On appeal, we address three issues:

1. **Did Mr. Fellon adequately allege personal participation by the state officials? (No)** Mr. Fellon sued the state officials not only in their official capacities, but also in their personal capacities. These defendants could incur personal liability only if they participated in the alleged constitutional violations. In the complaint, however, Mr. Fellon alleged that the medical care was entrusted to a private business, Corizon Health. As a result, the district court properly dismissed the personal-capacity claims against the state officials.

2. **Did the evidence create a genuine issue of material fact on deliberate indifference to Mr. Fellon's medical needs? (No)** The Eighth Amendment prohibits deliberate indifference to a prisoner's serious medical needs. Officials are deliberately indifferent when they disregard medical needs, not simply when they fail to provide the type of medical care the prisoner thinks he needs (even if he is right). The summary judgment record reflected numerous medical examinations, where Corizon medical staff treated Mr. Fellon's pain. In light of this undisputed record of treatment, the district court properly granted summary judgment to the Corizon defendants.[1]

3. **Did Mr. Fellon present a reason to question the district court's ruling on the state-law claims? (No)** In the complaint, Mr. Fellon mentions negligence and state tort law. For the state-law claims against the state officials, the district court ordered dismissal, holding that the state officials enjoy immunity under the Wyoming Governmental Claims Act. For the state-law claims against the Corizon defendants, the court granted summary judgment to these defendants on the ground that they are protected from liability under the Wyoming Medical Review Panel Act. On appeal, Mr. Fellon argues the defendants were negligent, but does not address the district

---

[1] In their response brief, the state officials also defend the district court's rulings on Eleventh Amendment immunity. But Mr. Fellon has not challenged the ruling.

court's rationale. In these circumstances, we have no reason to disturb the district court's rulings on the state-law claims.

Based on our conclusions on the three issues, we affirm the dismissal and award of summary judgment.

1. **Personal-Capacity Claims Under § 1983 Against the State Officials: Mr. Fellon has not alleged a factual basis to infer personal participation of the state defendants.**

The state defendants could incur personal liability only if they participated in the alleged constitutional violation. *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008). Relying on this requirement, the federal district court dismissed the personal-capacity claims against the state defendants. This ruling was correct.

In reviewing the dismissal, we engage in de novo review. *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014). This review requires us to determine whether Mr. Fellon provided enough facts in the complaint to state a facially plausible claim. *Id.*

In the complaint, Mr. Fellon complains about the medical treatments provided by the Corizon medical staff. But Mr. Fellon acknowledges in the complaint that the medical care was entrusted to Corizon Health. The state defendants participated only by handling administrative complaints about the treatment provided by Corizon Health. But the handling of these administrative complaints would not constitute personal participation for purposes of personal liability. *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th

4

Cir. 2012). Thus, the district court properly dismissed the personal-liability claims against the state officials.

**2.**     **§ 1983 Claims Against the Corizon Defendants: Mr. Fellon has not presented evidence creating a genuine issue of material fact on Corizon's deliberate indifference to his medical needs.**

The remaining claims are against Corizon and its employees. These defendants obtained summary judgment based on evidence of their medical attention. We agree with this ruling.

Under the Eighth Amendment, the Corizon defendants would incur liability only if they knew of an excessive risk to Mr. Fellon's serious medical needs and disregarded that risk. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

In assessing Mr. Fellon's evidence under this standard, we must apply the standard for summary judgment. The district court had to grant summary judgment if the Corizon defendants showed the absence of a genuine issue of material fact and their entitlement to judgment as a matter of law. *Id.* To apply this standard, the district court had to view the evidence and reasonable inferences in the light most favorable to Mr. Fellon. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Under this standard, there was no genuine issue of medical fact because the undisputed evidence reflected extensive medical treatment. For example, Dr. Young and Dr. Johnson prescribed numerous medicines to treat the pain: Lyrica, Naproxen, Baclofen, Hydrocodone, Tegretol, and

5

Gabapentin. The treatment regimen included x-rays, use of a sling and arm compression sleeve, and physical therapy.

Mr. Fellon complains about the delays and infrequency in his treatment. But the undisputed evidence demonstrates that he was examined regularly, usually every month, and the only gap in his pain medication was during a brief time in which Mr. Fellon was housed in Nebraska on another conviction. Mr. Fellon has not presented evidence of any additional pain or substantial harm from the alleged delays or frequency of his treatment. *See Sealock*, 218 F.3d. at 1210 ("Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm.").

Mr. Fellon complains that the doctors should have ordered surgery. But doctors rejected surgery as an option, fearing that surgery could exacerbate Mr. Fellon's nerve damage and destroy the ability to use his arm and shoulder. Mr. Fellon disagrees with this rationale, but that disagreement does not support an Eighth Amendment claim. *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010).

In light of the undisputed evidence of treatment, the district court correctly awarded summary judgment to the Corizon defendants.

6

**3.** **State Law Claims Against All Defendants: Mr. Fellon has not presented a reason to overturn the rulings on the state-law claims.**

In the complaint, Mr. Fellon referred to negligence and state tort law. The district court liberally interpreted these references as independent claims. But the district court concluded that these claims were invalid, relying on the Wyoming Governmental Claims Act and the Wyoming Medical Review Panel Act. On appeal, Mr. Fellon argues the defendants were negligent. But the district court did not question the sufficiency of the allegations on negligence. Instead, the court concluded that the defendants could not incur liability for negligence because of the Wyoming Governmental Claims Act and the Wyoming Medical Review Panel Act. Mr. Fellon does not question the district court's rationale, and we have no reason to disturb the rulings on the state-law claims.

**4.** **Disposition**

We affirm, upholding the district court's dismissal of the claims against the state defendants and award of summary judgment to the Corizon defendants.

Entered for the Court


Robert E. Bacharach
Circuit Judge

7