**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LONNIE WAYLON CRAIGHEAD,

Petitioner - Appellant,

v.

CARL BEAR, Warden,

Respondent - Appellee.

No. 17-6180
(D.C. No. 5:15-CV-00882-R)
(W.D. Okla.)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **McKAY,** and **McHUGH**, Circuit Judges.

Petitioner Lonnie Craighead, an Oklahoma state prisoner proceeding pro se,[1] seeks

a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C

§ 2254 petition for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c). He also requests to

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Craighead is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *see also United States v. Pinson,* 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

proceed in forma pauperis (IFP). We deny his requests for a COA and to proceed IFP and dismiss the appeal.

## I. BACKGROUND

An Oklahoma jury convicted Mr. Craighead of Endeavoring to Manufacture Methamphetamine, After Former Conviction of Two or More Felonies. The trial court sentenced him to thirty years' imprisonment and imposed a $50,000 fine. On May 23, 2014, the Oklahoma Criminal Court of Appeals (OCCA) affirmed Mr. Craighead's conviction. Over one year later, the OCCA affirmed the state district court's denial of post-conviction relief.

On August 14, 2015, Mr. Craighead filed a § 2254 petition for a writ of habeas corpus in the United States District Court for the Western District of Oklahoma. Mr. Craighead raised sixteen separate grounds for habeas relief. The habeas petition was referred to a magistrate judge who issued a Report and Recommendation (R&R) on June 14, 2017, recommending the district court dismiss Mr. Craighead's petition. Mr. Craighead did not object to the R&R. The district court adopted the R&R on July 11, 2017, and denied the habeas petition and COA, noting that Mr. Craighead had failed to file an objection to the magistrate judge's order.

Mr. Craighead then requested we grant him a COA to appeal the district court's judgment. On August 8, 2017, we issued an order sua sponte for Mr. Craighead to show cause in writing as to why, under the firm waiver rule, he had not waived his right to appellate review by failing to timely object to the R&R. In response, Mr. Craighead timely filed a Memorandum Brief. For the reasons set forth below, we find that Mr.

2

Craighead has failed to show sufficient cause for failing to object to the R&R and is therefore barred by the firm waiver rule.

## II. ANALYSIS

At the outset, we observe that Mr. Craighead failed to file written objections to the magistrate judge's R&R. The Tenth Circuit adheres to a firm waiver rule, which provides that "a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005). However, the firm waiver rule does not apply "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Id.* (internal quotation marks omitted).

Mr. Craighead's argument that the firm waiver rule does not apply to him is brief:

> The appellant was transferred to Mack Alford Correction Center June 2, 2017. The report and recommendation was filed on June 14, 2017. The Appellant did not know of anyone that could help him with his pleadings so he sent his legal work to his mother in hopes of retaining an attorney for his post-conviction/habeas corpus proceeding. The legal work was mailed to his mother around June 20th.

> The petitioner's mother took the legal work to the family attorney. It was returned to her because the family attorney did not handle criminal appeals.

> The appellant did not receive the legal work back until August 5, 2017. He then went to the law library and the law clerk advised him he should immediately file a Notice of Appeal from the district court's order adopting the Report and Recommendation of the magistrate entered on June 14, 2017. The order was filed on July 17, 2017. It is because of the appellant's lack of knowledge that he requests this court not hold him to the "firm waiver" rule. . . .

3

It is unclear from Mr. Craighead's Memorandum Brief whether his "lack of knowledge" pertained to the time period for objecting to the R&R, or something else. However, review of the R&R reflects that the magistrate judge informed Mr. Craighead of the period within which to file objections and notified him that failure to file an objection would waive his right to appellate review. The R&R specifically states that "[a]ny objection must be filed with the Clerk of the District Court by July 5, 2017 [and] [f]ailure to make [a] timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein."

When a magistrate judge informs a pro se litigant of both the time period for objecting and the consequences of failing to object, the pro se litigant cannot avail himself of the first exception to the waiver rule. *See Duffield v. Jackson*, 545 F.3d 1234, 1237–38 (10th Cir. 2008). The R&R "stated in clear English . . . that [Mr. Craighead] had until [July 5, 2017] to object and that failure to do so would waive his right to appellate review of all factual and legal questions." *Id.* at 1238 (internal quotation marks omitted). Thus, Mr. Craighead may not take advantage of the firm waiver rule's first exception.

To determine whether the interests of justice exception applies, this court has "considered factors such as a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Id.* at 1238 (internal quotation marks omitted).

We begin first with Mr. Craighead's effort to comply and the force and plausibility of the explanation for his failure to comply. Mr. Craighead's efforts to comply with the deadline were minimal—he merely mailed his legal documents to his mother, hoping that

4

she would find him counsel. While he waited for the return of his legal documents, the July 5 deadline expired. Mr. Craighead offers no explanation as to why it took him so long to receive his legal documents from his mother. Neither does he offer an explanation as to why he did not request an extension from the court. *See id.* (noting the plaintiff could have requested an extension). In fact, he waited until a month after the deadline passed before going to the law library to talk to the clerk. Mr. Craighead appears not to have made a diligent effort to comply with the deadline, nor has he satisfactorily explained his failure to comply.

The "importance of the issues raised" is determined by an analysis similar to plain error review and "includes review of a litigant's unobjected-to substantive claims on the merits." *Id.* (internal quotation marks omitted). "To show plain error [Mr. Craighead] would have to show (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

In Mr. Craighead's case, the magistrate judge and district court denied all sixteen claims in the habeas petition, five of which Mr. Craighead challenges on appeal. Before deciding whether the district court's decision was plainly erroneous, we first note that the Antiterrorism and Effective Death Penalty Act (AEDPA) applies to a federal court's review of habeas claims that were adjudicated on the merits in state court proceedings. *See Ellis v. Raemisch*, 872 F.3d 1064, 1083 (10th Cir. 2017), *petition for cert. filed*, No. 17-6323 (Oct. 13, 2017). In that situation, the federal court may grant a habeas petition only if the state court's adjudication of the claim:

5

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2). "AEDPA imposes a highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the doubt." *Raemisch*, 872 F.3d at 1083 (internal quotation omitted). In fact, AEDPA requires as a "condition for obtaining habeas corpus from a federal court, [that] a state prisoner . . . show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Id.* (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). Through the lens of this deferential standard, we now decide whether the district court plainly erred in dismissing the habeas claims.

### A.        Reconsideration of Motion to Suppress

Mr. Craighead argues extensively that the trial court did not have subject matter jurisdiction to reconsider and deny a motion to suppress certain evidence at trial.[2] However, Mr. Craighead's use of the term "subject matter jurisdiction" is a misnomer. Rather than arguing lack of subject matter jurisdiction, Mr. Craighead actually argues that the trial court did not have the power to entertain a motion for reconsideration regarding its prior ruling on a motion to suppress under 22 Okla. St. Ann. §§ 1089.1–1089.3. This

___

[2] Mr. Craighead did not raise this specific argument in his petition for habeas corpus with the federal district court.

6

issue is one of state law, rather than federal law, and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1999). The district court did not err in dismissing the claim.

### B.    Prosecutorial Misconduct—Burden of Proof

Mr. Craighead argues that comments[3] made by the prosecutor during voir dire and closing arguments denied him of his constitutional rights to a presumption of innocence and the requirement that his guilt be proven beyond a reasonable doubt. The OCCA found that "[n]one of the comments complained of were met with objection at trial and none of the comments rose to the level of plain error." To merit habeas relief, a claim of prosecutorial misconduct alleging a violation of due process generally requires a showing that the entire proceeding was fundamentally unfair. *See Donnelly v. DeChristoforo,* 416 U.S. 637, 642–45 (1974). However, where a prosecutor's improper remarks infringe on a specific guarantee of the Bill of Rights, the court can grant habeas relief upon finding that the defendant was deprived of that right. *Id.*

Every criminal defendant is entitled to a presumption of innocence and cannot be convicted "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Cupp v. Naughten*, 414 U.S. 141, 147–48 (1973) (internal quotation marks omitted). Mr. Craighead asserts that the prosecutor

---

[3] Mr. Craighead does not identify on appeal the prosecutorial comments that he alleges were improper. Construing his filings liberally, we analyze the statements identified by the magistrate judge.

infringed on this right by commenting on his failure to produce evidence of his innocence and differentiating between "beyond a reasonable doubt and beyond all doubt whatsoever." The OCCA found that the prosecutor's comments did not shift the burden of proof or lessen Mr. Craighead's presumption of innocence. Evaluating the challenged comments in the context of the entire trial, *see Greer v. Miller*, 483 U.S. 756, 765 (1987), we agree with the district court's finding that "the prosecutor's remarks neither mischaracterized nor negated the State's burden of proof." Therefore, the district court did not err in finding that the OCCA's dismissal of this claim was reasonable.

## C.    Sufficiency of the Evidence

Mr. Craighead next argues that the evidence at trial was insufficient to establish "dominion and control in order to convict [him] of endeavoring to manufacture methamphetamine."

In *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979), the Supreme Court set forth the standard to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt: "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Thus, juries have "broad discretion in deciding what inferences to draw from the evidence presented at trial." *Coleman v. Johnson*, 566 U.S. 650, 655 (2012). Simply put, jurors must "draw reasonable inferences from basic facts to ultimate facts." *Id.*

The OCCA applied *Jackson* and found that "strong circumstantial evidence presented at trial" allowed a rational trier of fact to find that Mr. Craighead knowingly

8

and intentionally endeavored to manufacture methamphetamine. As the magistrate judge noted, the OCCA did not list specific circumstantial evidence in its opinion. However, the evidence listed by the magistrate judge is sufficient to allow a trier of fact to find beyond a reasonable doubt the essential elements of the crime charged. Accordingly, the district court did not err in finding that the OCCA's application of Supreme Court precedent was not unreasonable.

### D. Fifth Amendment Violation Premised on Invalid Waiver of *Miranda* Rights and Admission of Unrecorded Custodial Interrogation

### 1. Invalid Waiver of *Miranda* Rights

Mr. Craighead claims that his Fifth Amendment right against self-incrimination was violated because he did not voluntarily waive his *Miranda* rights. He asserts that, while it is undisputed he was advised of his right to remain silent, no evidence was produced as to whether he was advised of his other *Miranda* rights. This assertion is unsupported by the record.

The officer who arrested Mr. Craighead testified that he verbally advised Mr. Craighead of his *Miranda* rights, that Mr. Craighead acknowledged he understood those rights, and that Mr. Craighead indicated he was willing to speak with the officer. Furthermore, the trial court conducted a hearing pursuant to *Jackson v. Denno*, 378 U.S. 368 (1964),[4] and held that Mr. Craighead's statements were voluntary. Evaluating this claim under the totality of the circumstances, the OCCA held the record was sufficient to

---

[4] *Jackson v. Denno*, 378 U.S. 368, 376 (1964) ("A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined.").

establish that Mr. Craighead had been properly advised of his *Miranda* rights and that his waiver was knowing and voluntary. Mr. Craighead has failed to demonstrate that this was an unreasonable application of clearly established federal law. The district court did not err in denying this claim.

**2.      Admission of Unrecorded Custodial Interrogation**

Mr. Craighead further argues that the admission at trial of his "custodial interrogation" pursuant to his involuntary *Miranda* waiver was a violation of his due process rights. He seems to argue that the admission at trial of the officer's testimony about the ensuing conversation was prejudicial because it was unrecorded and therefore unreliable. The OCCA rejected this claim. As the magistrate judge noted, Mr. Craighead cites no clearly established federal law requiring custodial interrogations be recorded in order to be admissible. Therefore, the district court did not err in finding the OCCA's holding on this issue reasonable.

### E.      Prosecutorial Misconduct—Right to a Fair Trial

Mr. Craighead claims that prosecutorial misconduct deprived him of a fundamentally fair trial and resulted in the imposition of an excessive sentence. He cites four instances of prosecutorial misconduct: (1) use of improper impeachment tactics during cross-examination; (2) improperly vouching for the credibility of the State's witnesses; (3) misstating facts not in evidence; and (4) improperly seeking to invoke sympathy and societal alarm from the jury. The OCCA rejected Mr. Craighead's claims of prosecutorial misconduct, and the district court determined that the OCCA was not

10

unreasonable in doing so. After reviewing the magistrate judge's thorough analysis in the R&R, we agree. The district court did not err in denying this claim.

The district court did not err in finding that the OCCA's decision on these issues was not contrary to or an unreasonable application of clearly established federal law. Because we find no error, we do not address the other prongs of plain-error review. Accordingly, Mr. Craighead's appeal is barred by the firm waiver rule.

### III. CONCLUSION

We DENY Mr. Craighead's request for a COA and DISMISS this matter. In addition, because he has failed to raise any meritorious grounds for appeal, we DENY his application to proceed in forma pauperis.

Entered for the Court

Carolyn B. McHugh
Circuit Judge