**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FILED
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

SHAQUILLE TRAMAINE MACKEY,

    Plaintiff - Appellant,

v.

THE CITY OF COLORADO SPRINGS;
THE COUNTY OF EL PASO COUNTY
COLORADO,

    Defendants - Appellees.

No. 22-1087
(D.C. No. 1:22-CV-00311-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.[**]
_____

Shaquille Mackey filed a *pro se* civil complaint against various government

entities.  Based on several deficiencies in his complaint, including the cursory and

unclear nature of his allegations, the magistrate judge ordered him to file an amended

complaint and provided specific directions on how to cure the deficiencies.  In

response, Mackey filed an amended complaint that was substantially the same as his

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

original complaint.  The magistrate judge subsequently recommended that the amended complaint be dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  The magistrate judge's report and recommendation specifically stated that any written objections must be filed within fourteen days and that the failure to file a timely objection might bar a party from receiving de novo consideration by the district court as well as appellate review.  Mackey did not file an objection to the magistrate judge's report and recommendation.  After the time limit for objections had expired, the district court accepted and adopted the report and recommendation and dismissed the action without prejudice.

"This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions."  *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).  "There are two exceptions when the firm waiver rule does not apply: when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review."  *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quotations omitted).

Neither of these exceptions applies here.  The magistrate judge's report and recommendation informed Mackey of the time period for objecting and the consequences of failing to object, and thus Mackey "cannot avail himself of the first exception to the waiver rule."  *Id.*  As for the interests-of-justice exception, our

analysis of this exception has "considered factors such as a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Id.* (quotations omitted).  Here, there is no indication that Mackey attempted to object to the magistrate judge's report and recommendation, and his only explanation for his failure to object is that he "wasn't mindful it was a time limit" and "took an emergency trip," about which he provides no further details from which we could judge the force and plausibility of this explanation.  Moreover, in considering "the importance of the issues raised," we conduct an analysis akin to plain-error review, *id.*, and nothing in the appellate record or in Mackey's appellate filings persuades us that the district court plainly erred by dismissing the action without prejudice under Rule 8.  Accordingly, we are not persuaded that the interests of justice warrant an exception to the firm-waiver rule in this case.  *See id.*

We hold that Mackey's appellate arguments are barred by the firm-waiver rule, and we accordingly **affirm** the district court's dismissal of the action.  Mackey's motion to proceed in forma pauperis is **granted**.

Entered for the Court

Michael R. Murphy
Circuit Judge
