FILED
United States Court of Appeals
Tenth Circuit

October 2, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DAVID BRIAN MORGAN,

    Petitioner - Appellant,

v.

STATE OF OKLAHOMA; FEDERAL
BUREAU OF PRISONS (BOP),

    Respondents - Appellees.

No. 19-6099
(D.C. No. 5:19-CV-00171-F)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

David Morgan, an Oklahoma prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254

motion. We deny a COA and dismiss the appeal.

**I**

In 2011, Morgan was convicted in Oklahoma state court on thirteen counts—

including rape, molestation, kidnapping, and weapons possession—for which he is

serving a life sentence. Morgan has since brought multiple challenges to his

conviction, including an initial habeas petition in 2014 and several subsequent

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

actions the district court has construed as unauthorized successive habeas petitions. This is his ninth challenge to his conviction.

Morgan styled the instant action as a "Writ of Qui Tam" and a "Writ of Ad Subjudiciendum." He filed the action on a 28 U.S.C. § 2241 form but changed the form's title to read "Private Attorney General." A magistrate judge issued a report and recommendation ("R&R") recommending that the district court construe Morgan's filing as an unauthorized second or successive § 2254 petition and dismiss it without prejudice. Morgan filed a "Motion to Appeal Report and Recommendation," which the district court construed as a notice of appeal rather than an objection to the R&R. We dismissed that appeal for lack of jurisdiction. The district court adopted the R&R, concluding it lacked jurisdiction over the unauthorized successive petition. It declined to grant a COA. Morgan now seeks a COA from this court.

## II

We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Morgan must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

We agree with the district court that Morgan's filing is an unauthorized successive § 2254 petition.[1] Under 28 U.S.C. § 2244(b), "[t]he filing of a second or successive § 2254 application is tightly constrained." Case v. Hatch, 731 F.3d 1015, 1026 (10th Cir. 2013). Before a court can consider a successive petition, an applicant must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This requirement is jurisdictional in nature; it "speaks to the power of the court to entertain the application, rather than any procedural obligation of the parties." Case, 731 F.3d at 1027. Section 2244(b) accordingly mandates that a successive habeas application "shall be dismissed" unless the statute's jurisdictional requirement is met. Id.

We agree with the district court that the instant action arises under § 2254. Morgan challenges the validity of his conviction and seeks release from confinement. See McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) ("The fundamental purpose" of a § 2254 petition is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."). Morgan filed his first § 2254 petition in 2014. He subsequently filed several successive habeas petitions between 2015 and 2017. The

---

[1] We question whether Morgan's "Motion to Appeal Report and Recommendation" can be construed as a timely objection to the R&R. Under the firm waiver rule, a failure to timely object to a magistrate judge's recommendation generally "waives appellate review of both factual and legal questions." Duffield v. Jackson, 545 F.3d 1234, 1237 (10th Cir. 2008) (quotation omitted). Even if we construe Morgan's filing as an objection, however, he is not entitled to a COA.

3

instant action is Morgan's latest attempt to file yet another habeas petition under a different guise.  Because Morgan did not obtain an order from this court authorizing the district court to consider this successive habeas petition, the district court lacked jurisdiction to entertain Morgan's claims.

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. Morgan's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge