**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM HENDERSON,

    Plaintiff - Appellant,

v.

CARGILL PACKING PLANT,

    Defendant - Appellee.

No. 19-3120
(D.C. No. 6:18-CV-01253-JTM-GEB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.

After examining Appellant's brief and appellate record, this panel has unanimously concluded that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, William Henderson appeals the district court's dismissal of the civil action he brought against defendant Cargill Packing Plant ("Cargill").

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In his original complaint, Henderson seemingly alleged that Cargill's failure to hire him violated Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. Because the complaint contained insufficient factual allegations to discern Henderson's specific claims for relief, he was ordered to file an amended complaint. *See* Fed. R. Civ. P. 8(a). After Henderson filed an amended complaint, a United States magistrate judge recommended dismissing it without prejudice because it still failed to comply with Rule 8 of the Federal Rules of Civil Procedure. In a comprehensive Report and Recommendation, the magistrate judge concluded the amended complaint stated grounds for federal jurisdiction, named three defendants, and sought $2.8 million in damages, but still failed to provide Defendants with sufficient notice of Henderson's claims.[1] *Id*. at 8(a)(2) (requiring all civil complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

A copy of the Report and Recommendation was mailed to Henderson by certified and regular mail. In it, Henderson was specifically advised of his right to file written objections within fourteen days and also advised that his failure to make such objections would waive appellate review of the factual and legal issues

---

[1]For example, Henderson's amended complaint alleges that defendant Flores is an "HR person" who called him on June 20, 2017, and told him he "as person [r]ejected deposited."

addressed in the Report. Nevertheless, Henderson failed to file a timely response to the Report and Recommendation.

The district court adopted the Report and Recommendation in its entirety. Accordingly, it dismissed Henderson's amended complaint without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Judgment was entered on May 20, 2019. Henderson filed a timely notice of appeal.

This court has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). "Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id*. "This rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quotation omitted). Neither exception to the firm waiver rule applies in this case. First, it is clear from the record that Henderson was expressly advised of the fourteen-day time period and the consequences of his failure to file timely objections to the magistrate judge's Report and Recommendation. Further, the interests of justice do not require appellate review. *See Wirsching v. Colorado*, 360 F.3d 1191, 1197-98 (10th Cir. 2004) (discussing

-3-

the interests of justice exception to the firm waiver rule). We consider several factors in determining whether to apply the interests of justice exception, including "a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez*, 418 F.3d at 1120. Here, Henderson made no effort to comply, has offered no explanation for his lack of compliance, and his appellate brief does not raise any issues of sufficient importance to overcome the waiver. *See Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) ("[T]he interests of justice analysis . . . is similar to reviewing for plain error." (quotation omitted)).

For the foregoing reasons, the district court's order dismissing Henderson's amended complaint is **affirmed**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge