FILED
United States Court of Appeals
Tenth Circuit

April 27, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SUSAN M. SMITH,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 20-6144
(D.C. No. 5:20-CV-00124-SM)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Susan M. Smith sought review in the district court of the Commissioner's

decision that she was not disabled under the Social Security Act.[1] On the magistrate

judge's recommendation, the district court dismissed the action. Smith asks us to

reverse the district court's judgment. But she waived appellate review because she

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Smith represents herself. For that reason, we construe her filings liberally without going so far that we take on the role of her advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

did not object to the magistrate judge's report and recommendation. We therefore dismiss this appeal.

## I. Background

Smith applied for disability benefits. An administrative law judge decided that she was not disabled under the Social Security Act, however, and that decision became the Commissioner's final decision.

In 2019, Smith filed an action seeking judicial review of the Commissioner's decision. The district court affirmed. Although Smith filed an appeal of the district court's ruling, she later withdrew the appeal.

In 2020, Smith filed the action underlying this appeal, again seeking review of the Commissioner's decision. Because Smith had already challenged the Commissioner's decision, the magistrate judge recommended dismissal under the doctrine of res judicata, a doctrine preventing "a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). The magistrate judge's report and recommendation set a deadline for the parties to object to it and informed them that the failure to object "waives the right to appellate review of both factual and legal issues." R. at 114. Smith did not object. After the objection deadline passed, the district court adopted the report and recommendation, and it dismissed the action.

## II. Discussion

Our firm-waiver rule holds that a party who does not object to a magistrate judge's recommendation "waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005). The rule has two exceptions. First, it does not apply if a pro se litigant has not been advised of the objection deadline and the consequences of failing to object. *Id.* Second, we will exercise our discretion to overlook the rule if the interests of justice require review. *Id.*

The first exception does not apply here. The magistrate judge's report and recommendation clearly informed Smith of the objection deadline and the consequences of failing to object.

We turn, then, to the second exception, focusing on the interests of justice. Several factors help us to evaluate those interests, including "a pro se litigant's effort to comply, the force and plausibility of the explanation for [her] failure to comply, and the importance of the issues raised." *Id.* at 1120 (italics omitted). In many ways, assessing the importance of the issues "is similar to reviewing for plain error," a standard requiring an appellant "to show (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (internal quotation marks omitted).

Smith's efforts to comply cut both ways. On the one hand, we do not doubt that her failure to object was, as she says, an "honest error." Aplt. Resp. to Show

3

Cause Order at 1. On the other hand, she does not claim that she made any effort to object. All in all, this factor is neutral.

Smith's explanation for her failure to object is not plausible, however. She tells us that her failure to object stemmed from her severe mental disability and mental stress. This explanation lacks force because, despite any challenges she faces, she has been able to comply with several other procedural requirements as she pursued disability benefits. She says herself that she has complied with all other court orders. Given this history of compliance, we are not persuaded that a mental disability or stress prevented her from objecting to the report and recommendation.

The importance of the issues raised favors enforcing the firm-waiver rule. For one thing, Smith has already challenged the Commissioner's decision in a prior action. And for another, she has not shown any error, let alone plain error, in the magistrate judge's analysis. Smith alleges three errors in the conclusion that this action is barred by res judicata. First, she says that her 2019 action did not end in a final judgment. The record refutes this statement. Second, she says that she did not have a full and fair opportunity to litigate her claim in the 2019 action. But she fails to identify any specific circumstance that deprived her of such an opportunity. Third, she seems to argue that this action presents a "new and different claim." Aplt. Opening Br. at 4. Yet this action and the 2019 action challenged the same decision that she was not disabled.

Smith asserts that enforcing the firm-waiver rule will violate her rights under the Fourteenth Amendment and the Americans with Disabilities Act. But she does

4

not support this assertion with argument or legal authority. Although we must construe her filings liberally, we will not take on responsibility for constructing arguments for her. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). So we do not consider this assertion.

On balance, the interests of justice do not suggest that we should overlook the firm-waiver rule.

## III. Conclusion

Smith waived appellate review because she did not object to the magistrate judge's report and recommendation. We therefore dismiss this appeal.

Entered for the Court

Nancy L. Moritz
Circuit Judge