**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 8, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

JAMES THAREHELLE BLACK,

    Plaintiff - Appellant,

v.

FNU RUSSELL, LT, individual capacity;
JOHN DOE, LT, Segregation Supervisor,
individual capacity; JOHN DOE, Chief of
Security, individual capacity; FNU JONES,
Unit Manager, individual capacity; JANE
DOE, QHCP, individual capacity; FNU
NICHOLES, SGT, individual capacity;
FNU ROGERS, SGT, individual capacity;
JANE DOE, QHCP, individual capacity;
JOHN DOE 3, Assistant Warden,
individual capacity; FNU SMITH, Warden,
individual capacity; FNU HONAKER,
Health Care Administrator, individual
capacity; JANE DOE, (QHCP), Qualified
Health Care Provider, individual capacity;
FNU BATES, (CO), Correctional Officer,
individual capacity; FNU VALLEJO, CO,
individual capacity; FNU McCLINSEY,
CO, individual capacity; FNU HATFIELD,
SGT, Seg Supervisor, individual capacity;
FNU CAMPBELL, SGT, individual
capacity; FNU KELLER, SGT, individual
capacity,

    Defendants - Appellees.

No. 22-6111
(D.C. No. 5:20-CV-01258-G)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this

_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.

_____

Plaintiff James Tharehelle Black, an Oklahoma state prisoner appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint on a motion for summary judgment by the Lawton Correctional and Rehabilitation Facility (LCRF) defendants, Lt. Russell, Officer McClinsey, FNU Vallejo, Sgt. Campbell, Sgt. Hatfield, Sgt. Keller, and Sgt. Rogers (the LCRF Defendants), and, separately, a motion to dismiss by William Honaker (collectively, Moving Defendants). Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM the district court's order.

I.     **BACKGROUND**

A.  **Factual Background**

On the morning of January 10, 2020, Black swallowed unknown objects in the presence of prison staff. Black informed prison staff that he had swallowed rubber bands with marijuana residue on them. Prison staff brought Black to the prison's medical office for examination and placed Black in a segregated dry cell. Approximately nine hours later, prison staff determined that whatever Black had swallowed had passed through his system, although Black alleges that he had not yet had a bowel movement. Black states

_____

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that he "was supposed to remain [in the dry cell] for 72 hours or until he had a bowel movement." ROA Vol. I at 17. Black was returned to a cell in the segregated housing unit.

Early in the morning on January 11, 2020, a nurse at the prison asked Black to provide a urine sample to be tested for drugs, but Black could not urinate. According to Black, the prison medical staff refused to provide him treatment unless he first provided a urine sample. At this point, however, Black had not told prison staff that he had actually swallowed balloons containing methamphetamine. Later that day, Black was able to provide a urine sample, which tested positive for methamphetamine, among other drugs. At this time, Black was exhibiting aggressive behavior and was placed back in his segregated cell.

On January 12, 2020, Black alleges that he was "in rage and crying for help" in his cell. *Id.* at 18. Early in the morning, Black admitted that the objects which he had swallowed the day before were two balloons containing methamphetamine. Staff administered Narcan nasal spray to combat an overdose, along with Benadryl and Haldol. Black was transferred by ambulance to the Comanche County Memorial Hospital's emergency room for further evaluation and treatment. There, he had his stomach pumped and was given an intravenous line and a catheter. That evening, Black was discharged with a diagnosis of intentional ingestion of methamphetamine and returned to LCRF.

On January 14, 2020, a prison nurse observed Black lying on the floor of his cell with a self-made ligature around his neck. Black states that he "attempted suicide from a result of side effects from the drugs." *Id.* at 18. Black was transported to Lindsay

3

Municipal Hospital. On January 17, 2020, Black was cleared by personnel at Lindsay

Municipal Hospital for release and was returned to the prison, where he was placed on

suicide watch. On January 21, 2020, Black was discharged from suicide watch.

### B. Procedural History

Black filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 in the

United States District Court for the Western District of Oklahoma, alleging that eighteen

defendants had violated his constitutional rights, specifically his rights under the First,

Fourth, Fifth, Eighth, and Fourteenth Amendments.

The LCRF Defendants and, separately, Honaker moved to dismiss. On

September 28, 2021, the magistrate judge issued a thorough report and recommendation

(the R&R), wherein she concluded that Black's suit should be dismissed as follows:

> The Court should thus grant LCRF Defendants' motion for
> summary judgment[1], sua sponte enter summary judgment
> on behalf of Defendants Bates, Nichols, and Jones and the
> unnamed and unserved LCRF John Doe Defendants and the
> Jane Doe medical Defendants, grant Defendant Honaker's
> motion to dismiss, and dismiss the remaining Defendants on
> screening.

---

[1] Because the LCRF Defendants relied on documents outside of the complaint to support their motion to dismiss, the R&R treated their motion as one for summary judgment under Federal Rule of Civil Procedure 56. The district court subsequently gave notice to Black that it would proceed under Rule 56. *See* ROA Vol. I at 70 n.2; *see Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("If a district court intends to rely on other evidence, it must convert the Rule 12(b)(6) motion to a motion for summary judgment, giving proper notice to the parties.").

*Id.* at 98 (internal citations omitted).[2] The R&R advised the parties "of their right to file an objection to the Report and Recommendation . . . by **October 19, 2021**, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2)." *Id.* at 99 (emphasis in original). The R&R warned "that failure to make a timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein." *Id.*

Thereafter, Black requested several extensions of time to file his objections, which the district court granted, providing Black until December 20, 2021 to object. *Id.* at 8. On December 16, 2021, Black submitted a "declaration in opposition to Defendants' motion for summary judgment," *Id.* at 100–05 (capitalization removed), along with a brief in support of the declaration, *id.* at 108–12, exhibits, *id.* at 113–80, and a "supplement," *id.* at 183–84. The LCRF Defendants objected and argued Black's filings were procedurally inappropriate, as the content of the filings were merely reassertions of Black's responses to Moving Defendants' motions, rather than objections to the R&R.

Ultimately, the district court adopted the R&R. The district court concluded that Black did not submit an objection to the R&R but "instead submitted an unauthorized second response to the LCRF Defendants' Motion to Dismiss/Motion for Summary Judgment." *Id.* at 190 n.2. The district court stated that, even liberally construing Black's submissions and "assuming it constituted a proper objection triggering de novo review

---

[2] Black never served Defendants Bates, Nichols, and Jones, nor did he identify and serve the Doe defendants. The magistrate judge made the recommendation to dismiss the claims against them *sua sponte*.

under 28 U.S.C. § 636(b)(1)," the submissions did not present anything that "would undermine [the magistrate judge]'s well-reasoned recommendations or permit Plaintiff's claims of violation of due process and the Eighth Amendment to proceed against any defendant." *Id.* The district court entered partial summary judgment and dismissed Black's suit in its entirety. Black timely appealed.

## II.    STANDARDS OF REVIEW

### 1.  Motion for Summary Judgment

We review the entry of judgment as a matter of law de novo, "applying the same standard for summary judgment that applied in the district court." *Sandoval v. Unum Life Ins. Co. of Am.*, 952 F.3d 1233, 1236 (10th Cir. 2020). Summary judgment is warranted when the movant is entitled to "judgment as a matter of law" in the absence of a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). We view the evidence and draw all reasonable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### 2.  Motion to Dismiss

"We review de novo a district court's grant of a motion to dismiss for failure to state a claim." *Est. of Burgaz by & through Zommer v. Bd. of Cnty. Commissioners for Jefferson Cnty. Colo.*, 30 F.4th 1181, 1185 (10th Cir. 2022). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In conducting our review, we accept all well-pleaded facts as true, view them in the light most favorable to

6

the plaintiff, and draw all reasonable inferences in his favor. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021). Because Black appears pro se, we construe his filings liberally, but we do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## III.   DISCUSSION

Moving Defendants argue that Black's appeal should be dismissed because he (1) waived his right to appeal by failing to object to the R&R, and (2) failed to state a claim. We conclude that Black did not waive his right to appeal, but that the district court correctly dismissed Black's claims and granted summary judgment.

### A. The Firm Waiver Rule

Under Federal Rule of Civil Procedure 72(b)(2) and 28 U.S.C. § 636(b)(1)(C), once a party has been served with a magistrate judge's report and recommendation, the party has fourteen days in which to "file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Importantly, this court has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (citation omitted). Thereunder, "[t]he failure to timely object to a magistrate's recommendations waives appellate review of both factual and legal questions." *Id.* (internal quotation marks and citation omitted). Two exceptions allow a party to escape the firm waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Id.* (internal quotation marks and citation omitted).

7

Here, Moving Defendants argue that Black waived his right to appeal by failing to object to the R&R. We disagree and need not reach the exceptions. Black timely submitted an objection to the R&R, which he titled a "declaration in opposition to Defendants' motion for summary judgment." ROA Vol. I at 100. While Moving Defendants are correct that the time to respond to their motions was expired, a liberal construction of Black's post-R&R submissions allows this court to conclude that Black's filings were intended as an objection to the R&R. We will not hold against a pro se party inartful pleadings and incorrect terminology. *Johnson v. Reyna*, 57 F.4th 769, 775 (10th Cir. 2023) ("In practicing leniency, we will often excuse pro se plaintiffs' failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, and unfamiliarity with pleading requirements." (internal quotation marks and citation omitted)).

## B. Eighth Amendment

Black alleges that his Eighth Amendment rights were violated when Defendants failed to provide him timely or proper medical care in light of his overdose. Based on the record and Black's complaint, the district court properly dismissed and granted summary judgment on this claim.

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement," including "ensur[ing] that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). The government's failure to provide medical care violates the Eighth Amendment only when it demonstrates "deliberate

8

indifference to an inmate's serious medical needs." *Est. of Beauford v. Mesa Cnty.,*

*Colorado*, 35 F.4th 1248, 1262 (10th Cir. 2022) (citation omitted). A claim of deliberate

indifference contains "both an objective and a subjective component." *Id.* "[T]he focus of

the objective component is the seriousness of the plaintiff's alleged harm, while the focus

of the subjective component is the mental state of the defendant with respect to the risk of

that harm." *Id.* (citation omitted). Here, the R&R concluded (and Moving Defendants

maintain on appeal) that Black failed to meet his burden regarding Defendants' subjective

intent.

The subjective component "requires a plaintiff to establish that a prison official

had a sufficiently culpable state of mind," which means that the official "kn[e]w[] of and

disregard[ed] an excessive risk to inmate health or safety." *Id.* (internal quotation marks

and citations omitted). "Whether a prison official had the requisite knowledge of a

substantial risk is a question of fact subject to demonstration in the usual ways, including

inference from circumstantial evidence, and a factfinder may conclude that a prison

official knew of a substantial risk from the very fact that the risk was obvious." *Id.*

(quoting *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005)). Here, based on both the

record and the complaint, we conclude that Black has not alleged that Defendants

deliberately disregarded Black's serious medical needs, nor could a reasonable jury

conclude Defendants had.

At the outset of the incident, Black lied to prison staff about what he had ingested.

He told staff that he swallowed rubber bands, which, although not totally harmless,

presented nowhere near the same risk as swallowing two balloons containing

9

methamphetamine. At that point, Black was put into a dry cell for observation. According to Black, staff did not keep him in the dry cell for the length of time required under prison policy, but "an officer's failure to follow internal jail policies does not automatically mean he or she acted with deliberate indifference." *Heidel v. Mazzola*, 851 F. App'x 837, 841 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 483 (2021) (citing *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993)). Considering the information prison staff had at the time, the decision to remove Black from the dry cell before the time required under prison policy did not manifest a deliberate indifference to Black's serious medical needs.

It was not until the balloon burst in Black's stomach that he was able to submit to a urine test (which came back positive for a variety of harmful substances). At that point, he was exhibiting aggressive behavior, but prison staff had no reason to know Black was in *excessive*[3] medical danger—i.e., near the point of an overdose. Early the next morning, Black informed prison staff that he had, in fact, swallowed two balloons containing methamphetamine. With that knowledge, along with Black's behavior that morning, prison staff had reason to suspect an overdose. Prison staff immediately administered medications meant to combat the overdose (which, it appears, worked) and transferred Black to a hospital for continued treatment.

---

[3] Black discusses that it is incorrect to state that Defendants had no knowledge of "*any* potential harm" to him. Aplt. Br. at 5 (emphasis added). But, in the context of deliberate indifference, the Constitution's protections extend only to "excessive" or "substantial" risks of harm. *Est. of Beauford*, 35 F.4th at 1262.

Thus, based on both the complaint and the record, prison staff acted appropriately once Black's urinalysis was consistent with drug ingestion, he admitted to having swallowed balloons containing drugs, and he was exhibiting overdose behavior. That staff could have taken additional steps to ensure Black's medical safety, when he only exhibited aggressive behavior, is not the constitutional test. *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006) ("So long as a medical professional provides a level of care consistent with the symptoms presented by the inmate, absent evidence of actual knowledge or recklessness, the requisite state of mind cannot be met."). Black's allegations are insufficient to support an Eighth Amendment claim against any defendant, nor has he raised a genuine issue of material fact. The district court properly granted summary judgment to the LCRF Defendants, as well as to Defendants Bates, Nichols, Jones, and the Does, and dismissed Black's claims.[4]

## C. Fourteenth Amendment

Black also alleges that Honaker, along with Smith and several of the Doe defendants, transferred Black to a mental hospital after his suicide attempt based on false documents, which "put his liberty interest in jeopardy." Aplt. Br. at 15. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Both the R&R and Honaker

---

[4] The R&R determined that Black did not allege an Eighth Amendment claim against Honaker. However, on appeal, Honaker argues the Eighth Amendment claims should be dismissed against him. We conclude that Black wholly fails to allege and support his Eighth Amendment claim against any of the defendants.

correctly assert that Black has failed to state a claim for violation of his procedural and substantive due process rights.

As to the due process clause's procedural protections, the Supreme Court has concluded that, while "[a] criminal conviction and sentence of imprisonment extinguish an individual's right to freedom from confinement for the term of his sentence, [] they do not authorize the State to classify him as mentally ill and to subject him to involuntary psychiatric treatment without affording him additional due process protections." *Vitek v. Jones*, 445 U.S. 480, 493–94 (1980). Thus, "transfer to a mental hospital for involuntary psychiatric treatment [may] constitute the kind of deprivations of liberty that requires procedural protections." *Id.* at 494. In the present case, however, exigent circumstances necessitated Black's immediate psychiatric care. Before being transferred, Black had attempted suicide; he attempted to fatally injure himself, and, only days prior, had suffered a serious overdose. It was apparent that Black needed emergency care, and prison staff acted quickly to ensure Black received it. *See, e.g.*, *Hughes v. Rowe*, 449 U.S. 5, 11 (1980) ("Segregation of a prisoner without a prior hearing may violate due process if the postponement of procedural protections is not *justified by apprehended emergency conditions*." (emphasis added)).

As to the due process clause's substantive protections, Defendants' actions cannot "be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998). Although Black alleges that "Defendant Honaker . . . fabricated legal documents to . . . cover up the negligence" and have Black admitted to the hospital, Black admits that he tried to kill himself by tying a rope around

his neck and attempting suicide. That Defendants responded by having Black hospitalized to receive psychiatric care is not shocking. Black has failed to state a claim for violation of his due process rights.

### D. Remaining Claims in the Complaint

Black's complaint contains a number of causes of action that are not discussed in the R&R or on appeal in any meaningful way. Nevertheless, the district court's order dismissed Black's suit in its entirety. For example, in his complaint and on appeal, Black states that he has brought a claim under the Fourth Amendment for "search & seizure privacy." Aplt. Br. at 3. This cause of action, however, is not fleshed out in the complaint or the record. In his response to the R&R, Black did not raise it, and his discussion of it on appeal is conclusory at best. Black's complaint also contains allegations of retaliation for his filing a lawsuit, negligence, failure to intervene, and assault and battery in the form of unconsented treatment. All of these claims lack briefing and clear delineation of any claimed error. Accordingly, they are dismissed without prejudice.

### IV.   CONCLUSION

Black has raised no legal argument or cited anything in the record to suggest that the district court improperly dismissed his claims and granted summary judgment to some of the defendants. We AFFIRM the order of the district court. Black's motion to

proceed in forma pauperis is GRANTED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge